[No. 1375.   Decided July 7, 1894.]

THE STATE OF WASHINGTON, *on the relation of Charles Re-
path, Respondent,* v. WILLIAM CALDWELL *et al., Appel-
lants.*

STATUTES — AMENDMENT — REPEAL BY IMPLICATION — CONSTITU-
TIONAL LAW — RIGHT TO SPEEDY TRIAL.

The amendment of § 772, Code 1881 (§ 1369, Code Proc.), did not
operate to work an amendment or repeal of § 777, Code 1881 (§ 1374,
Code Proc.), although the latter section was dependent in its subject
matter upon the provisions of § 772.

The amendment of one section of a code will not work an amend-
ment or repeal of another independent section, although the latter
may, by its terms, be in the nature of a proviso to the section
amended.

Section 1374, Code Proc., providing that the discharge of an ac-
cused person for want of a speedy trial shall not be a bar to a further
prosecution does not violate the constitutional guaranty to the ac-
cused in criminal prosecutions of a speedy public trial.

*Appeal from Superior Court, King County.*

*John F. Miller,* Prosecuting Attorney, and *S. H. Piles,*
for appellants.

*Wiley & Bostwick,* for respondent.

The opinion of the court was delivered by

HOYT, J.—This is an appeal from an order prohibiting
defendants from further proceeding in the prosecution of
the relator for forgery.

The following is an extract from the brief of the relator:

"Relator was discharged and an indictment against him
for felony dismissed by the superior court of King county
aforesaid, under the provisions of § 1369 of 2d Hill's
Statutes and Codes and § 22 of the declaration of rights in
our constitution, because without fault of his own or other
cause and notwithstanding his repeated demands thereof,

he was deprived of his right to a speedy trial within sixty days by the acts of the prosecuting attorney. It must be conceded that if § 1374, 2d Hill, providing that such a discharge is not a bar to a further prosecution for the same alleged felony, is (first) a subsisting law and (second) constitutional, the demurrer should have been sustained.''

From this it will be seen that but a single question is presented for our decision, and that is as to whether or not said § 1374 is in force. This section was in the Code of 1881 as § 777 and in the same chapter was § 772 which provided as follows:

''If a defendant indicted for an offense, whose trial has not been postponed upon his application, be not brought to trial at the next regular term of the court in which the indictment is triable after the same is found, the court must order it to be dismissed unless good cause to the contrary be shown.''

In 1891 (Laws 1891, p. 64, § 94), said § 772 was amended to read as follows:

''If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his application, be not brought to trial within sixty days after the indictment is found or the information filed, the court must order it to be dismissed, unless good cause to the contrary be shown.''

It is claimed on the part of the relator that the effect of so amending this section was to repeal said § 777. His contention is that the last named section was but a proviso to other sections in the chapter, among which was § 772, and that for that reason when § 772 was amended and in the amended section this provision was omitted, the effect was to repeal it, the same as if, instead of having been an independent section, it had been attached to the section amended as a proviso. That the amendment of a section repeals the amended one is evident, but it does not follow that an independent section, even though its force depends

upon the amended one, will be thus affected by the amendment.    Under the provisions of our constitution a section can be amended only by its reënactment, and, for the purposes of giving these provisions force, the division into sections in the act of which the section to be amended forms a part must not be overlooked.    If the amendment of a section under such constitutional provisions should be held to have the effect contended for by relator, the necessary result would be that the legislature would often amend a section in such a manner as to affect other sections, in form independent, of which the legislature took no notice and which it had no intention to change by the enactment of the amendatory section.    Sec. 777 was more than a proviso to the other sections of the chapter, though its legal effect may have depended to some extent upon their provisions.    It was in form an independent section containing a direct and affirmative enactment, referring, it is true, to the former sections, but only in the same manner that any independent section may properly refer to those preceding it.    But even if its legal effect was that of a proviso to the other sections only, yet its character as an independent section would prevent its being repealed by the amendment of one of those to which it was such proviso. The amended section would take the place in the chapter of the one amended, and the independent sections would thereafter depend upon it as amended, instead of in its original form.

It is further contended on the part of the relator that the act of February 24, 1891, repealed all of the provisions of the then existing law relating to criminal procedure, for the reason that the design of the act was to provide a complete system upon that subject.    If it appeared from said act that it was the intent of the legislature to provide by independent enactment an entire code as to these proceedings, there would be force in the contention of the re-

lator, and the effect of the act would doubtless be to repeal all laws relating to that subject not therein contained. A careful examination of the act fails to satisfy us that such was the intention of the legislature. On the contrary it seems to us clear that there was no intention to provide an entire system of laws upon the subject. The evident intent was only to make such changes in the existing law as to make it harmonious with the changes brought about by the constitution and by the law allowing proceedings to be by information as well as by indictment. That this was the main purpose of the statute is evident from an inspection of nearly every section contained therein. In many of such sections the only change from the text of the amended ones is to add to the statement as to what may be done in cases of indictment the words "or information." In other sections the only change is to replace the term "district court" by "superior court." It is true that there are some independent provisions contained in the act which seem to have been inserted therein for other purposes; but they are clearly incidental to the main object to be accomplished as above stated. Beside, the act lacks a good deal of comprising an entire course of criminal procedure. Material sections in the former law are omitted, and to hold that the legislature intended their repeal would be to convict it of most inconsiderate legislation. Sec. 777 was unaffected by the amendment of § 772, or by the act in which it was contained, and was properly brought forward as § 1374, Code Proc., as a part of the statute law in force.

Relator further contends that, even although such is the fact, it should not be given force by reason of its conflict with the provisions of § 22 of art. 1 of our constitution. It is claimed that § 1369, Code Proc., should be held to be a legislative designation of what constitutes a speedy public trial as provided for in said section of the constitution,

and that by force thereof one who has not been brought to trial as provided for therein has been deprived of his constitutional right, and that this being so it was beyond the power of the legislature to authorize a further prosecution for the offense as to which his rights had been so violated.     That such would be the effect of the section, if it was entitled to the construction claimed for it, may be conceded ; but we are unable to so construe it.    In our opinion the legislature has never taken action with reference to said section of the constitution.    The only thing that it had in mind at the time of enacting the section relied upon was to effect the same change in the section amended as in others contained in the same act, and that was to bring them into harmony with the system of courts provided for in the constitution.     The section amended was a legislative declaration as to the rights of the defendant, and was of course construed in the light of the other sections in the same chapter ; and in its amendment the legislature only intended a like declaration, and that when amended it should be taken in connection with its qualifying section the same as before.    In the absence of any legislation to give force to the constitutional right to a speedy trial, there was no such deprivation set out in the petition as would authorize the courts to hold that such provision of the constitution had been violated.

It follows from what we have said that § 1374 is a subsisting law, and not in conflict with any constitutional provision, and that, under the statement of the issues as shown by the extract from relator's brief hereinbefore set out, the demurrer to the petition should have been sustained.

The order granting the writ of prohibition will be reversed, and the cause remanded with instructions to sustain the demurrer to the petition.

STILES and ANDERS, JJ., concur.

DUNBAR, C. J., dissents.