STATE OF MINNESOTA v. MARY RADOICICH.[1]

November 24, 1896.

Nos. 10,281—(60).

Indictment—Failure to Prosecute—Dismissal.

> Where the state neglected for about seven months, and during three general terms of the court, after an indictment was found, to arraign the defendant or call for her appearance or forfeit her bail, and for this reason the court dismissed the indictment, *held*, the fact that the county attorney and sheriff had heard and believed that she had left the state did not excuse the delay, and it was error to set aside the order of dismissal.

Case certified from the district court for St. Louis county, Moer, J., for the decision of the supreme court on the question whether the indictment ought to have been dismissed. Reversed.

*Fryberger & Johanson*, for defendant.

*Geo. E. Arbury*, for the State.

CANTY, J. On May 7, 1895, the defendant was indicted by the grand jury for selling liquor without a license. She demurred to the indictment, and on May 17 the demurrer was sustained by the court. In the order sustaining the same, the court ordered the case submitted anew to the grand jury, under G. S. 1894, § 7299, and admitted the defendant to bail, under section 7288. She deposited $100 instead of bail, and was released from custody. On September 10, 1895, the grand jury returned a new indictment against her, but no attempt was ever made to arraign her under it, or to call for her appearance, or to forfeit her bail. Thereupon, on March 4, 1896, she moved to dismiss this indictment, and for a return of the $100 so deposited by her. The motion was granted April 18, after a hearing, in which the assistant county attorney appeared in opposition to the motion. The indictment was dismissed, and the deposit returned to her. Thereafter, on June 20, 1896, the county attorney moved to set aside the order of dismissal and a judgment of dismissal which had been entered in the meantime, and an order granting this motion was made. On motion

[1] Reported in 69 N. W. 25.

of defendant, the lower court reported the case to this court for its decision on the question whether the indictment ought to have been dismissed.

The defendant contends that the court has no jurisdiction to set aside an order and judgment of dismissal in a criminal case. We do not deem it necessary to consider that question, as we are of opinion that, in any event, the court erred in setting aside the dismissal. G. S. 1894, § 6279, provides:

"If a defendant indicted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of the court in which the indictment is triable after it is found, the court shall order the indictment to be dismissed, unless good cause to the contrary is shown."

In State v. Thompson, 32 Minn. 144, 19 N. W. 730, this court held that what would be a sufficient reason for allowing the state to postpone the trial after arraignment would not be a sufficient reason for allowing it to postpone the arraignment. In that case the defendant was not arraigned for more than a year after the indictment was found, and the order of the court below refusing to dismiss the indictment was reversed. In the present case the prosecution neglected to arraign the defendant or call for her appearance or forfeit her bail for about seven months after the indictment was found, and before the motion for dismissal was granted. In the meantime, the November, January, and March general terms of the court had passed. The only excuse given by the prosecution for the delay was that the county attorney and sheriff had heard and believed that she had left the state. But this did not excuse the state from calling for her appearance and forfeiting her bail.

The order is reversed.