[No. 9945.   Department One.   November 1, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v.
T. E. ALEXANDER, *Appellant*.[1]

CRIMINAL LAW—TIME FOR TRIAL—HABITUAL CRIMINALS—STATUTES.  The act of 1903, Rem. & Bal. Code, § 2178, requiring one accused of being an habitual criminal to be tried within five days after conviction of an offense, if not superseded by the act of 1909, Rem. & Bal. Code, § 2286, covering the same subject and making no such provision, is an independent act; and one charged as an habitual criminal under § 2286 need not be tried in five days.

CRIMINAL LAW—TRIAL—TIME FOR TRIAL—DISMISSAL—WAIVER OF OBJECTION.  Under Rem. & Bal. Code, § 2312, providing that, if the accused is not brought to trial within sixty days after information filed, the court shall order it dismissed unless good cause shown, the objection is waived where motion to dismiss is not made until the trial is at hand; since such dismissal is not a bar under Id., § 2315, and would be denied for good cause shown.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered May 9, 1911, upon a trial and conviction of being an habitual criminal.  Affirmed.

*F. W. Girand*, for appellant.

*Robt. L. McWilliams* and *Geo. R. Lovejoy*, for respondent.

MOUNT, J.—The defendant was informed against, tried, and convicted as an habitual criminal.  After verdict, he filed a motion for a new trial, which motion was denied, and a life sentence was imposed.  He has appealed from that judgment.

He makes two assignments of error, as follows:  (1) That the court erred in denying his motion to dismiss the action before any evidence was offered; and (2) in denying the same motion made at the close of the state's case.  Appellant argues that he should have been tried within five days, under the provisions of Rem. & Bal. Code, § 2178; and in any event within sixty days after the information was filed.  It appears

[1]Reported in 118 Pac. 645.

that the information was filed on February 16, 1911. He
was arraigned on March 11, 1911, when he tendered a plea
of not guilty. He was tried on April 24, 1911. No motion
for a dismissal appears to have been made prior to the. be-
ginning of the trial; it was made after the trial had actually
begun. This information was filed under the provisions of
Rem. & Bal. Code, § 2286. This statute was passed in 1909.
It is a later statute than § 2178, which was passed in 1903.
Both statutes appear to have some provisions in common.
Section 2178 requires the trial to be held within five days,
while § 2286 makes no such provision. If the latter statute
has not superseded § 2178, it is clearly an independent stat-
ute, and since no time is fixed for the trial, the general
statute must govern. The trial, therefore, was not required
to be held within five days.

The defendant was not brought to trial within sixty days.
The statute provides:

"If a defendant indicted or informed against for an of-
fense, whose trial has not been postponed upon his own ap-
plication, be not brought to trial within sixty days after the
indictment is found or the information filed, the court shall
order it to be dismissed, unless good cause to the contrary
is shown." Rem. & Bal. Code, § 2312.

The dismissal of a felony charge, however, is not a bar
(Rem. & Bal. Code, § 2315), but another information may
be immediately filed. This same question was involved in
*State v. Seright*, 48 Wash. 307, 93 Pac. 521, where we said:

"But a dismissal under such circumstances does not oper-
ate as a bar to another prosecution for the same offense, nor
would a discharge compel the prosecuting officer to commence
anew before a committing magistrate. On the contrary, the
prosecuting attorney may file such an information in the
court before which he was bound over to appear, at once
upon the dismissal of the original proceeding, without vio-
lating any of the accused's rights. There would be little
reason then in holding the statute mandatory in the sense
that the original lapse entitled it to a dismissal at any stage
of the proceedings he might ask for it. If he can exercise

the right just before the trial, so he may during the trial, and after a verdict of the jury finding him guilty. This would be to give the statute an effect directly opposite to what the legislature intended it to have, it would make it a means of delaying the final disposition of the case when it was intended to hasten that event."

See, also, *State v. Lorenzy*, 59 Wash. 308, 109 Pac. 1064.

The reasoning there is applicable here. After the trial has begun, or when it is about to take place, it is too late for the defendant to move for a dismissal. The statute provides a remedy for the defendant when the prosecutor without cause does not bring the case to trial. It was not intended as a means to escape or a method of delay when the trial is at hand. If the motion had been made prior to the time of trial, the court, for good cause shown, would refuse a dismissal. When the trial is at hand, the defendant will be held to have waived his right under the statute. There was, therefore, no error in the refusal of the court to dismiss the action when it was on trial.

The judgment is affirmed.

DUNBAR, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.