[Criminal No. 447.   Filed February 16, 1918.]

[170 Pac. 792.]

In the Matter of the Application of ETHEL BUTTS for a
Writ of Habeas Corpus.   ETHEL BUTTS, Appellant,
v. STATE, Respondent.

1. CRIMINAL LAW — DELAY IN FILING INFORMATION — DISMISSAL OF
   PROSECUTION — SUBSEQUENT PROSECUTION. — Though, under Penal
   Code of 1913, section 1274, subdivision 1, it is ground for dismissal
   of prosecution of one held to answer for an offense that indictment
   or information is not found within 30 days, an order for dismissal
   is by express provision of section 1279 not a bar to another prose-
   cution, if the offense is a felony.

   [As to prosecution under statute as bar to prosecution under
   ordinance, and *vice versa*, see note in **Ann. Cas. 1912C, 37.**]

2. CRIMINAL LAW — DELAY IN FILING INFORMATION — DISMISSAL OF
   PROSECUTION — SUBSEQUENT PROSECUTION.—Immediately after dis-
   missal under Penal Code of 1913, section 1274, subdivision 1, of
   prosecution, for delay, in filing information, another prosecution
   allowed by section 1279 in case of felony may be commenced.

APPEAL from a judgment of the Superior Court of the
county of Maricopa.   R. C. Stanford, Judge.   Affirmed.

Mr. F. Louis Zimmerman, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. R. William
Kramer and Mr. Louis B. Whitney, Assistant Attorneys Gen-
eral, for the State.

FRANKLIN, C. J.—This is an appeal in a *habeas corpus*
proceeding.   After a preliminary examination, one Ethel
Butts was committed to answer the charge of murder in the
superior court for Maricopa county.   Thirty-one days after
her commitment, the county attorney filed an information
against her for the offense.

Section 1274, subdivision 1, of the Penal Code, provides:

"The court, unless good cause to the contrary is shown,
must order the prosecution to be dismissed in the following
cases:

"Where a person has been held to answer for a public offense, if an indictment or information is not found within thirty days."

Section 1279 says:

"An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor; but it is not a bar if the offense is a felony."

Upon her motion the court dismissed the prosecution for the reason the information was not filed within the 30 days after she was held to answer as required by law. On the same day she was arrested and charged with the same offense, and, after her preliminary examination, was again held to answer. She is seeking her liberty in this proceeding by the writ of *habeas corpus* on the ground that the order of the court dismissing the prosecution in the first instance is a bar to any other prosecution for the same offense. By explicit direction of the statute, the order of dismissal was not a bar to another prosecution. The only matter heard and determined on the motion to dismiss under section 1274 was merely a determination of her right to dismissal of that prosecution and her release from custody at that time. The statute providing that such action by the court is not a bar to any other prosecution for the same offense, it matters not when in point of time such other prosecution was commenced, whether immediately after such order was made or not. We have a clear guide in the statute, and it is so plain that any attempt to argue or interpret the statute would only obscure it.

The order of the trial court refusing the writ is right, and it is affirmed.

ROSS and CUNNINGHAM, JJ., concur.