[No. 18167.  *En Banc.*  May 5, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. TRUMAN GEORGE DELORIA, *Appellant.*[1]

CRIMINAL LAW (186, 188)—TRIAL—RIGHT TO SPEEDY TRIAL—DISMISSAL FOR DELAY.  The discharge of one accused of a felony because not brought to trial within sixty days, as required by Rem. Comp. Stat., § 2312, is not a bar to a second prosecution; in view of Id., § 2315, providing that a dismissal of prosecution under §§ 2311, 2312 and 2314, shall be a bar only in cases of a misdemeanor or a gross misdemeanor.

BIGAMY (2)—EVIDENCE—SUFFICIENCY.  A conviction of bigamy is sustained by evidence that defendant married a Miss B. in 1913, that they parted in 1915 and were never divorced, and that he married Mrs. E. in 1921, on being told that his first wife was dead.

TOLMAN, PEMBERTON, MACKINTOSH, and HOLCOMB, JJ., dissent.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered March 20, 1923, upon a trial and conviction of bigamy.  Affirmed.

*Frank S. Carroll,* for appellant.

*Roscoe R. Fullerton* and *Nat U. Brown,* for respondent.

BRIDGES, J.—In August, 1922, the prosecuting attorney of Pierce county, Washington, by information, charged the appellant with bigamy.  Somewhat more than sixty days thereafter this cause was dismissed, because the prosecuting attorney was of the opinion that the Pierce county court did not have jurisdiction. On October 11, 1922, and immediately following the appellant's discharge under the Pierce county information, he was arrested upon a like information made by the prosecuting attorney of Thurston county.  He plead not guilty, waived a jury and was ready to proceed to trial.  His case was not called, however, until

[1]Reported in 225 Pac. 405.

December 4, 1922, which was more than sixty days following the filing of the information. At that time the prosecuting attorney informed the court that he had been unable to procure his main witness, who was to come from the state of Michigan, and was not prepared to go to trial, and asked for a continuance. This the court refused, and on motion of the appellant dismissed the case and discharged him. On the same day, the prosecuting attorney of Thurston county filed a second information, which was substantially the same as the previous one and charging the same crime, and under it the appellant was again arrested and was brought to trial in about thirty days. Before the case was called, the appellant moved the court to dismiss the case under the second information and discharge him, on the ground that he had been held without trial under the previous information for more than sixty days, and the cause upon that information had been dismissed. The court denied this motion. The case was then tried before a jury, and the appellant was convicted and sentenced. From the time of his first arrest in Pierce county to the time of his final trial and conviction, appellant was held in jail.

The first question to be determined is, whether, under the circumstances stated, the trial court was in error in not dismissing the information upon which conviction was finally had. Section 22, Art. 1, of our constitution provides that, in criminal prosecutions, the accused shall have the right to a speedy public trial by an impartial jury in the county in which the offense is alleged to have been committed. Section 2312, Rem. Comp. Stat. [P. C. § 9143], reads as follows:

"If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information

filed, the court shall order it to be dismissed, unless good cause to the contrary is shown."

Section 2315, Rem. Comp. Stat. [P. C. § 9146], reads as follows:

"An order dismissing a prosecution under the provisions of sections 2311, 2312 or 2314 shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross misdemeanor, but in no other case shall such order of dismissal bar another prosecution."

Sections 2311 and 2314, mentioned in the last quotation, are not pertinent to the inquiry here. The substance of the sections quoted has been a part of the statutory law of this state for many years. See §§ 1369 and 1374, 2 Hill's Code.

A reasonable construction of the two sections quoted is that a dismissal of an information because the defendant has not been brought to trial within the sixty-day period will bar any further prosecution for the same offense, provided it is a misdemeanor or gross misdemeanor, but will not, as a matter of course, bar further prosecution for a felony. Doubtless, the purpose of the legislative act requiring persons charged with crime to be brought to trial within sixty days unless good cause be shown was to forestall any possible abuse by indefinitely holding persons charged with crime without a trial. Under these statutes, the courts and prosecuting attorneys do not lose their power or jurisdiction over a person charged with a felony, simply because the person so charged was not brought to trial on a previous information within the statutory sixty-day period. We have so held in a number of cases. *State ex rel. Repath v. Caldwell,* 9 Wash. 336, 37 Pac. 669; *State v. Armstrong,* 29 Wash. 57, 69 Pac. 392; *State v. Lewis,* 31 Wash. 75, 71 Pac. 778; *State v. Hansen,* 10 Wash. 235, 38 Pac. 1023; *State v. Seright,*

48 Wash. 307, 93 Pac. 521; *State v. Burns,* 54 Wash. 113, 102 Pac. 886; *State v. Alexander,* 65 Wash. 488, 118 Pac. 645; *State v. Wickstrom,* 92 Wash. 503, 159 Pac. 753. It is true that not all of these cases directly discuss the question under consideration here, but they all either expressly hold that a second information charging the same as the first, if it is a felony, may be filed and trial had thereunder, or assume, without discussion, such to be the law.

It would appear that, in the case of *State ex rel. Repath v. Caldwell, supra,* the question was expressly decided in accordance with our holding here.

In *State v. Armstrong, supra,* the defendant was charged by information with an assult with a deadly weapon. Later this case was dismissed by the court because it had not been brought on for trial within sixty days after the filing of the complaint. Thereafter a new information was filed, charging the same offense. We said:

"The statute expressly provides at § 6916, Bal. Code, that the order of dismissal, under the sections by authority of which the appellant was dismissed shall not be a bar if the offense charged be a felony. . . . The offense charged in the information upon which appellant was tried was also a felony. The prosecuting attorney was authorized to file the information at any time within the period of the statute of limitations. The effect of the dismissal of the case was to release the defendant from the costs of the prosecution up to that time and to discharge him from custody, or release his bail. The filing of the new information was the commencement of a new action for the same offense."

In *State v. Lewis, supra,* we said:

"The only record evidence upon this subject shows a mere dismissal by the prosecuting attorney of another charge against appellant, which appellant claims was for the same offense covered by the information in the case at bar. . . the order of dismissal was not a bar

to another prosecution for the same offense, since the offense charged is a felony.''

In *State v. Burns, supra,* it was said that:

''A dismissal without trial is therefore no bar to another prosecution for a felony. . .''

In *State v. Alexander, supra,* after quoting the statutes, we said:

''The dismissal of a felony charge, however, is not a bar, . . . but another information may be immediately filed.''

It would therefore appear that this court has at all times been of the view that the mere fact that a felony charge has been dismissed because the defendant had not been brought to trial within sixty days, does not, of itself, bar the filing of a subsequent information making the same charge.

It is argued, however, that if a second information can be filed, so can a third and a fourth, and so on, and thus the defendant be held without trial for an indefinite period, in direct violation of the spirit of our constitution and our statutes requiring criminal cases to be brought to trial within sixty days after the filing of the information. But one of the duties of courts is to see that a person charged with crime is fairly treated. If the court, in the exercise of its discretion, thinks that a trial should not be had upon a second or other subsequent information, it is entirely within its power to so order, and in this way the possible evil anticipated by the appellant will be overcome. When the case under the first information filed in Thurston county was dismissed, the court expressly permitted the prosecuting attorney to file a second one. We cannot say from the record that the court abused its discretion. It is, therefore, our view that the appellant was properly brought to trial.

He further claims that the testimony was not sufficient to sustain the verdict against him. A reading of the entire evidence convinces us that there was amply sufficient to justify the jury in finding the appellant guilty. There was testimony to the effect that, in 1913, he married a Miss Beck, in the state of Michigan; that, in 1915, they parted; that the first wife is still alive and no divorce has been obtained; that, in 1921, appellant married a Miss Eaton, in the state of Washington. Practically the only excuse given by the appellant for the second marriage was that he had been told that his first wife was dead. Whether the appellant knew, or should have known, that his first wife was still alive was a question for the jury.

The judgment is affirmed.

MAIN, C. J., PARKER, and MITCHELL, JJ., concur.

FULLERTON, J., took no part.

TOLMAN, PEMBERTON, MACKINTOSH, and HOLCOMB, JJ., dissent.