Ex parte CLAUDE WARRENBURG.

No. A-9392. Nov. 5, 1937.
(73 P. 2d 476.)

126

Falkenberg & Ernest, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Ellis W. Eddy, Co. Atty., for the State.

BAREFOOT, J. The defendant, Claude Warrenburg, is confined in the county jail of Grant county, and has filed a petition for release by habeas corpus.

The facts show that the defendant was charged by complaint filed in the justice of the peace court in Grant county on November 30, 1936, with the crime of burglary in the second degree, for breaking into a building in the town of Salt Fork, Grant county, for the purpose of stealing $35 worth of barber equipment. He waived preliminary and was bound over to the district court, and an information was filed against him in that court on December 8, 1936; same being case No. 940. While this information was on file, the county attorney of Grant county, on January 18, 1937, filed in the justice of the peace court of said county a complaint against the defendant, charging him with the identical crime with which he stood charged by information filed December 8, 1936, in case No. 940, with the further allegation that the defendant had on two previous occasions been convicted and served sentences in the state penitentiary, one for grand larceny and one for conjoint robbery; this for the purpose of bringing the prosecution within the terms

of the second offense statute. At the preliminary hearing on January 29, 1937, the defendant presented a motion to quash the warrant and set aside the complaint for the reason that the prior prosecution was still pending in the district court, and the county attorney was without authority to file a new complaint while the other prosecution was still pending. The motion of defendant was overruled, and after preliminary examination he was bound over to the district court. Pursuant thereto, an information was filed against him in the district court on April 12, 1937, being case No. 941. The same motion which was filed in the justice of the peace court was filed in the district court. This motion was overruled, and defendant was arraigned and entered a plea of not guilty. At the term of court beginning the first Monday of January, 1937, no jury was called and no trial of defendant was had. This term of court ended June 30, 1937.

On July 29, 1937, defendant fled a motion in the original case No. 940 to dismiss the same on the grounds that a term of court had expired without a trial having been granted. This motion was presented to the court on the same day that it was filed and an order was entered dismissing said original action No. 940 on said date. On the same day, July 29, 1937, the defendant filed a motion to dismiss the second prosecution, being No. 941, on the grounds that the offense charged therein was the same as in the prior information filed in case No. 940; the only difference being that charges of former convictions were charged in the second information, and the defendant having not been tried on the original information in case No. 940 at the January, 1937, term of said court, defendant was entitled to have both prosecutions dismissed or to be released from jail upon his own recognizance. This motion was overruled by the court.

Said defendant has now filed in this court his petition for a writ of habeas corpus upon the grounds stated in his motions to quash the warrant and complaint in the justice of the peace court and the information and warrant in the district court in the second prosecution. The petition alleges that the restraint by the sheriff of Grant county is illegal and void, for the reason that the second information does not state any new crime, but would act merely as an amendment made without leave of the court and while the original case was pending and undisposed of, and is prejudicial to the rights of the defendant and in violation of his constitutional and statutory rights.

The sections of the statutes necessary to be construed in considering this case are as follows: Chapter 17, article 18, section 2872, Okla. Stats. 1931 (title 22, section 812, p. 443, Oklahoma Statutes Annotated), which reads as follows:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

Chapter 17, article 18, section 2875, Okla. Stats. 1931 (title 22, section 815, p. 448, Oklahoma Statutes Annotated), which reads as follows:

"The court may either of its own motion or upon the application of the county attorney, and the furtherance of justice, order an action or indictment to be dismissed; but in that case the reasons of the dismissal must be set forth in the order, which must be entered upon the minutes."

Chapter 17, article 18, section 2876, Oklahoma

Statutes 1931 (title 22, section 816, p. 449, Oklahoma Statutes Annotated), which reads as follows:

"The entry of a nolle prosequi is abolished, and the county attorney cannot discontinue or abandon a prosecution for a public offense, except as provided in the last section."

Chapter 17, article 18, section 2877, Oklahoma Statutes 1931 (title 22, section 817, p. 450, Oklahoma Statutes Annotated), which reads as follows:

"An order for the dismissal of the action, as provided in this Article, is not a bar to any other prosecution for the same offense."

These statutes are quoted for the reason that many of the states have statutes of similar import. Not all of them have the identical statutes, and especially section 2877, Okla. Stats. 1931 (title 22, section 817, p. 450, Oklahoma Statutes Annotated). The courts of the different states have construed those statutes, and the opinions are somewhat conflicting because of the wording in those providing for the discharge of the defendant, if not tried within a certain time. Some of the statutes provide for "a discharge from imprisonment," others using the term "shall be discharged so far as related to the offense"; "shall be set at liberty"; "shall be forever discharged of the crime"; "shall be discharged and acquitted"; "shall be absolutely discharged"; "discharged on his undertaking"; "order the prosecution to be dismissed."

In the construction of their respective statutes, some states have held that a discharge for the want of a speedy trial is a bar to any further prosecution for the same offense. 56 L. R. A. 544, citing State v. Wear, 145 Mo. 162, 46 S. W. 1099; State v. Radoicich, 66 Minn. 294, 69

N. W. 25; Commonwealth v. McBride, 2 Brewst. (Pa.) 545; Ex parte McGehan, 22 Ohio St. 442.

In reading these decisions it will be noted that those states do not have a section the same or similar to section 2877 (section 817), supra, which provides:

"An order for the dismissal of the action, as provided in this Article, is not a bar to any other prosecution for the same offense."

The sections of the statutes above quoted were adopted from the statutes of the Dakotas, as were many of our statutes. These identical sections were a part of the Compiled Laws of Dakota 1887, §§ 7649 to 7655, and formed chapter 14, title 11. Section 7655 of the Dakota Statutes was identical with section 2877 (section 817), above quoted. These statutes have been carried down through the Oklahoma Statutes of 1890, 1903, 1910, 1921, and 1931. In 1910, the word "Chapter" was changed to "Article." These sections, being a part of the same "Chapter" or "Article," should in our opinion, according to all the rules of construction of statutes, be construed together. Certainly it was intended by the enactment of section 2877 (section 817) to refer to the sections in the same "chapter" or "article," and that a dismissal of the action as provided in those sections should not be a bar to any other prosecutions for the same offense. By this provision it was intended that a dismissal under those sections should only pertain to the proceedings in that identical case, and not to a proceeding of the same offense under different proceedings. Many states have statutes not only similar but almost identical to our section 2877, and the courts of those states have with regular unanimity held in accordance with the above construction when the question has been before them for consideration. Among

these states are the Dakotas, California, Idaho, Arizona, Oregon, Washington, Montana, Utah, and New York. In some of these states a dismissal is provided for after a delay of 60 days instead of referring to the next term. In several of them the section corresponding to section 2877 provides that such order of dismissal shall constitute a bar in misdemeanor but not in felony cases.

The California Supreme Court, in the case of In re Begerow, 136 Cal. 293, 68 Pac. 773, 774, 56 L. R. A. 528, has construed the statute of that state, which is very similar to ours. The opinion is a leading one, and states the law so forcibly and logically that we desire to quote therefrom. Begerow had been charged with murder and tried several times, each trial resulting in a disagreement. More than the statutory time had elapsed since the last trial without further proceedings, motion was made to dismiss the prosecution. The lower courts having denied this motion, the petitioner sued out a writ of habeas corpus in the appellate court and was released. He was immediately rearrested under a new charge for the same murder, whereupon he brought a second petition for habeas corpus. The court said:

"By the former decision in this court two principles may be taken as having been declared: (1) That the right of habeas corpus is available to a prisoner restrained of his liberty upon a criminal charge in violation of subdivision 2 of section 1382 of the Penal Code above quoted. (2) That the right to a trial within 60 days after the finding of the indictment or filing of the information, as provided in that section, makes it the duty of the state to afford such defendant a trial within 60 days after mistrial, excepting for good cause shown. It was not, however, in that case decided that the effect of the discharge upon application to the trial court, as primarily contemplated by that section, nor that the effect of the discharge as a last resort upon application by habeas corpus

to this court, was to create a bar to future prosecution for the same offense. Indeed, upon statutory authority such a contention is plainly untenable. In chapter 8 of the Penal Code, where it is declared the duty of the judge to dismiss if the defendant has not been brought to trial within 60 days, there is found the further provision, in section 1387, that 'an order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor; but it is not a bar if the offense is a felony.' While section 1496 of the same Code provides: 'No person who has been discharged by the order of the court or judge upon habeas corpus can be again imprisoned, restrained, or kept in custody for the same cause, except in the following cases: (1) If he has been discharged from custody on a criminal charge, and is afterwards committed for the same offense, by legal order or process. (2) If, after a discharge for defect of proof, or for any defect of the process, warrant, or commitment in a criminal case, the prisoner is again arrested on sufficient proof and committed by legal process for the same offense.' But, against the force of these provisions, it is argued that, if given the construction contended for by respondent, which would appear to be the only reasonable one which their language will bear, then, in and of themselves, they are violative of subdivision 13 of article 1 of the Constitution of this state, which guarantees to the party accused the right to a speedy and public trial. But to this the plain answer is that, if we are left to the language of the Constitution without further guidance from the statute, then the question as to what does or does not constitute, within the meaning of the constitutional provision, a speedy public trial, must in every instance rest in the discretion of the particular judge to whom the question may be addressed. At common law—even at very ancient common law—a prisoner's right to a speedy trial was secured to him by the commission of jail delivery, whereby the jails were cleared, and the prisoners therein confined either convicted and punished, or delivered from custody, twice every year. 2 Hawk. P. C. c. 6. It was the abolition of the commission of jail

delivery which has made necessary our later statutes defining the limit of the delay allowed the state in bringing alleged malefactors to trial. Such statutes were unnecessary while the custom of jail delivery prevailed, for the justice had not only power to discharge such prisoners as upon their trial might be acquitted, but all such 'against whom upon proclamation made no evidence shall appear to indite them.' Id. c. 6, § 6. It thus comes that we have upon the statute books of our states different provisions regulating the right of the defendant and the duty of the state touching his speedy and public trial. By some of these provisions it is expressly declared that upon the failure of the state to bring the prisoner to trial within the reasonable time prescribed by law, the right of the state to proceed further against him for the alleged crime shall cease. In others, owing to their peculiar readings, the courts have conceived such to be the intent of the Legislature, and have adjudged accordingly; while by still other statutes provision is made, not for an entire discharge from liability, but merely for a discharge from his imprisonment under the process or proceeding by which he is held. Nor can there be perceived anything unconstitutional in any of these varying provisions. The constitutional right of a defendant charged with crime is to a speedy trial, and this primarily had to do with his personal liberty as being the one and efficient means by which he should not, for an undue time, be left to languish in jail, and thus be robbed of such part of his life. One state may, therefore, in its wisdom, say that, if its officers do not give the accused his speedy trial, it will no longer lift its hand against him, and he goes as free as though he had been acquitted by a jury of his peers. Another state, however, may equally, within the same provision of the Constitution, declare that, if the defendant be denied his speedy trial, the prosecution shall be dismissed, and he shall be at liberty, but that such dismissal and such enlargement shall not be a bar to a further prosecution. And this, in terms, is what our state has done. In expressly providing that, if the defendant be not brought to trial within 60 days, the prosecution shall be dismissed,

it has further prescribed that such dismissal shall not be a bar to further prosecution. In Ex parte Clarke, 54 Cal. 412, the sections of the Penal Code above quoted, with others, were under consideration by this court, and it is said: 'But the order dismissing the prosecution ends the action commenced by the complaint upon which the magistrate issued his warrant of arrest. It ends the action, however, not by any judgment upon the merits of the case, but by an order in the nature of a judgment of nonsuit, a simple expression of the opinion of the court that that particular proceeding ought not to be further prosecuted. Inasmuch as there is no limitation of time applicable to prosecutions for murder, and as a defendant in whose favor an order of dismissal of the action has been made has never been put in jeopardy within the meaning of the Constitution, a new action on behalf of the people may, in such case, be initiated at any subsequent day, either by presentment of a grand jury or by a complaint filed with any magistrate.'

"There is no higher dignity attaching to the dismissal of Begerow upon his former application in habeas corpus than would have pertained to the judgment of the trial court if it had granted his application there in the first instance made. It was a decision merely to the effect that upon the showing made the trial court should have dismissed the prosecution and discharged the prisoner. * * *

"This petitioner's former discharge upon habeas corpus was determinative therefore of but two things: First, that the pending prosecution against him must be dismissed; and, second, that because of such dismissal he was entitled to his present liberty. It did not decide, and it would have been in the face of section 1387 of the Penal Code to have decided, that his discharge under the writ was a bar to future prosecution against him. The criminal procedure under which he is now held in custody, though for the same crime, is a different procedure from that which resulted in the information and prosecution which had been dismissed, and the process by which he is now held in custody is a different process under this

new proceeding. Cases will be found, as had been said, where the courts have determined that the discharge under such or similar circumstances upon habeas corpus is a bar to further prosecution for the same offense. Amongst these cases—and many have been examined—may be instanced Green v. Com., 1 Rob. (Va.) 731; Ex parte McGehan, 22 Ohio St. 442; Ex parte Jilz, 64 Mo. 205, 20 Am. Rep. 218; Com. v. McBride, 2 Brewst. (Pa.) 545. But . in each and all of these it will be disclosed that the courts were deciding in accordance with the mandate of their statutes. With us, as has been said, there is no such mandate, and the express declaration of our law is that the discharge shall not be a bar to further prosecution. In State v. Fley, 2 Brev. [S. C.] 338, 4 Am. Dec. 583, Rochelle, who had been discharged from a former commitment for murder because of delay in prosecution under the habeas corpus act, urged, after conviction, that because of such discharge he could not be legally tried, and to this the court made the following answer, which meets our hearty approval: 'The discharge of Rochelle under the habeas corpus act cannot, upon any sound principle, be considered as an acquittal from the charge so as to bar a subsequent prosecution for the same offense. The act was made to secure the citizens of the state from vexatious arrests and imprisonment, and not to protect them from prosecutions for crimes actually committed. The act in favor of liberty was sufficient to operate the discharge of the prisoner Rochelle from his former imprisonment when the state officer was not ready to produce the proofs of his guilt, but it would be monstrous to say that such a discharge should shield him from a subsequent prosecution, when the proofs of his guilt are ready to be produced."

The Arizona Supreme Court, in the case of In re Butts, 19 Ariz. 318, 170 Pac. 792, has passed squarely upon this proposition in construing a similar statute of that state. The court says:

"Upon her motion the court dismissed the prosecution for the reason the information was not filed within the 30 days after she was held to answer as required by law.

On the same day she was arrested and charged with the same offense, and, after her preliminary examination, was again held to answer. She is seeking her liberty in this proceeding by the writ of habeas corpus on the ground that the order of the court dismissing the prosecution in the first instance is a bar to any other prosecution for the same offense. By explicit direction of the statute, the order of dismissal was not a bar to another prosecution. The only matter heard and determined on the motion to dismiss under section 1274 was merely a determination of her right to dismissal of that prosecution and her release from custody at that time. The statutes providing that such action by the court is not a bar to any other prosecution for the same offense, it matters not when in point of time such other prosecution was commenced, whether immediately after such order was made or not. We have a clear guide in the statute, and it is so plain that any attempt to argue or interpret the statute would only obscure it."

See, also, State v. Caldwell, 9 Wash. 336, 37 Pac. 669; State v. Deloria, 129 Wash. 497, 225 Pac. 405; State v. Silver, 152 Wash. 686, 279 Pac. 82; State v. Crawford, 83 W. Va. 556, 98 S. E. 615; State v. Garthwaite, 23 N. J. L. 143; People v. Henwood, 65 Colo. 566, 179 Pac. 874.

This court, in an opinion by Judge Doyle, in a habeas corpus case, Ex parte Menner, 35 Okla. Cr. 252, 250 Pac. 541, 542, says:

"It may be well for us to say here that, under section 2915, Comp. St. 1921 [22 Okla. St. Ann. § 814], the only effect of a dismissal, as provided for in the sections quoted, is that the defendant must, if in custody, be discharged therefrom, or, if admitted to bail, his bail is exonerated. It is expressly provided by section 2918 [22 Okla. St. Ann. 817], that an order for dismissal of the action in such cases is not a bar to any other prosecution for the same offense."

While the question was not directly involved in that case, the court, after due consideration, placed the same construction upon our statute that is now being placed upon it by this court. See, also, Ex parte Warford, 3 Okla. Cr. 381, 106 Pac. 559; Bayne v. State, 48 Okla. Cr. 195, 290 Pac. 354.

The contention of petitioner that the crime charged in cases Nos. 940 and 941 are the same, and that the additional charge in No. 941 of former conviction only has reference to the increasing of the punishment, is true, as has been held by this court in the case of Williams v. State, 56 Okla. Cr. 245, 37 P. 2d 658, and Ex parte Bailey, 60 Okla. Cr. 278, 64 P. 2d 278, but the contention that the dismissal of the burglary charge in case No. 940 without an order of the court to hold the defendant is a dismissal of the entire proceedings so that the county attorney is not at liberty to file another charge based upon the same facts and within the statutory limitations cannot be maintained in view of what has heretofore been stated.

We are of the opinion that the petition for a writ of habeas corpus should be denied. The fact that the information in case No. 941 was filed by the county attorney prior to the dismissal of the first case, No. 940, does not in any way affect the charge in this case. The defendant will only be put on trial for one offense. The petition for a writ of habeas corpus is therefore denied, and petitioner is remanded to the custody of the sheriff of Grant county subject to the order of the district court of said county.

DOYLE, J., concurs. DAVENPORT, P. J., not participating.