# CLIFTON DAVIDSON v. STATE.

No. A-10558.   July 25, 1946.

(171 P. 2d 640.)

Hubert Hargrave, of Wewoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Clifton Davidson, was charged by information filed in the superior court of

Seminole county with the crime of murder, and further charged that the same was a second and subsequent offense; was tried, convicted of manslaughter in the first degree and sentenced to serve 50 years in the State Penitentiary.

On January 22, 1941, the defendant shot and killed one Paul Price in the city of Seminole. After being arrested, the defendant escaped from jail in April, 1941. He was later arrested and returned to the custody of the sheriff of Seminole county on March 8, 1943. The defendant was arraigned in the superior court on said charge of murder on March 18, 1943, and was ordered held without bond. The sheriff was directed to take the prisoner to the State Penitentiary for safekeeping. The defendant was taken to the penitentiary and held in solitary confinement until January 26, 1944, at which time he was returned for the purpose of a hearing on a motion filed by his counsel seeking to dismiss the charge for the reason that the defendant had been denied a speedy trial as provided by law. The motion to dismiss was heard and overruled by the court, and the case was tried to a jury on February 15, 1944.

When the motion to dismiss came on for hearing, at the request of the counsel for defendant, the trial judge stated that the superior court of Seminole county had four terms of court a year. His exact statement as shown by the record is as follows:

"There are four terms. One in January, the next in April, the next in July and the next begins in October."

"By Mr. Hargrave: Judge, will you state into the record how many jury dockets, civil dockets, you have had since last March? By the Court: Let the record show there has been two jury civil trial dockets here in the

superior court of Seminole county, Oklahoma, since the first of March, 1943. By Mr. Hargrave: And that there was no criminal cases set on either docket? By the Court: None on any civil jury docket and no criminal docket has been set in this court since that time."

The defendant was then sworn to testify in support of his motion to dismiss. He testified that he had been in solitary confinement in the State Penitentiary since being taken there in March, 1943; that at the time of his arraignment he asked the county attorney to give him an early trial; that the county attorney came to the penitentiary in early summer and again talked to defendant, at which time the defendant again asked him for an early trial; that the county attorney said he would do everything he could to get a trial, but that it was at a time of year when farmers were busy and the court did not think it advisable to call them for jury service. The defendant further testified that he had never made application to have the case continued, but that at every opportunity he had requested a speedy trial.

It was stipulated at the close of the defendant's testimony that there had been no formal written request demanding that the case against defendant be set for trial. No proof was offered on behalf of the state to rebut the evidence offered in support of defendant's motion to dismiss.

This case is comparable in many ways to the case of Glover v. State, 76 Okla. Cr. 53, 134 P.2d 144, 145. In that case the defendant Glover was taken to the State Penitentiary for safekeeping on June 5, 1940, and he remained there until his trial on June 2, 1941. His counsel presented a motion to dismiss the case for the reason the defendant had been denied his right to a speedy trial.

This motion was overruled by the trial court. On appeal this court held that the overruling of the motion to dismiss was reversible error. In the body of the opinion it is said:

"The first assignment of error is that the court erred in overruling the motion of the defendant for discharge, on the ground that he had not been given a speedy trial, as provided by Art. 2, § 20 of the Constitution, and by sections 2670 and 2872, O.S.1931, Okla.Stat.Ann. (1941) Title 22, §§ 13 and 812.

"Article 2, § 20 of the Constitution reads: 'In all criminal prosecutions, the accused shall have the right to a speedy, and public trial by an impartial jury of the county in which the crime shall have been committed.'
\* \* \*

"Section 2670, O.S.1931, Okla.Stat.Ann. (1941) Title 22, Section 13, provides: 'In a criminal action the defendant is entitled:

" '1. To a speedy and public trial. \* \* \*' And section 2872, O.S.1941, Okla.Stat.Ann. (1941) Title 22, Section 812 is as follows: 'If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown.'
\* \* \*

"The construction of the Constitution and the statutes hereinbefore quoted have been under consideration in the following cases: Ex parte Meadows, 71 Okla. Cr. 353, 112 P. 2d 419; Ex parte Leathers, 66 Okla. Cr. 172, 90 P.2d. 450; Ex parte Warrenburg, 63 Okla. Cr. 125, 73 P.2d 476; Ex parte Wilkerson, 73 Okla. Cr. 32, 117 P.2d 172. \* \* \*

"Presiding Judge Furman wrote a most applicable and forceful opinion in the early case of McLeod v.

Graham, 6 Okla. Cr. 197, 118 P. 160, 163. We quote from the opinion:

" 'This statute relieves trial courts of construing the term "speedy trial" in each and every case wherein it is presented. When it is found that a defendant in any particular case has not been brought to trial at the next regular term of the court in which his case is triable, after the case has been presented therein, it is the duty of the trial court to order the prosecution to be dismissed, unless it appears that the case had been postponed or continued upon the application of the defendant, or unless the state shows good cause (that is, some legal reason) why said case has not been tried, and why said prosecution should not be so dismissed. The evident purpose of these provisions of the Constitution and the statute is to require of the officers of the law that they exercise reasonable diligence in preparing for the trial of criminal cases, and to secure to each person charged with crime a trial as soon after the indictment or information has been filed against them as the prosecution can with reasonable diligence prepare for trial; regard being had to the terms of court.

" 'Any delay caused by operation of the rules of law would constitute good cause for continuing a case beyond a second term of court. Where it appears from the record that a defendant has not been brought to trial at the second term of the court after the prosecution against him has been instituted, and the record does not show that this postponement was caused by the application of the defendant, or with his consent, then the defendant's right, if he demands it, to have the prosecution against him dismissed becomes absolute, unless good cause is shown by the state why the case should be continued to a subsequent term of the court; and this showing of "good cause" will not be presumed, but must appear in the record of the trial court, or in the answer to the petition for mandamus. Whether or not the cause shown for the further continuance of a prosecution is sufficient

is addressed to the discretion of the trial court, and, if the trial court abuses this discretion, it is subject to review upon appeal or in mandamus proceedings. This rule secures to a defendant his right to a speedy trial, upon the one hand, by protecting him from vexatious, capricious, arbitrary, and oppressive delays, and, upon the other hand, it does not preclude the rights of public justice; for, if good cause for a postponement of a trial exists, the requirements of the statute do not apply. Were it not for this rule, an arbitrary and capricious judge could punish a defendant indefinitely by confining him in prison, pending a final trial, or, if the defendant was on bail, such a judge could harass and distress him without limit by keeping a groundless accusation hanging over his head and clouding his good name; while, on the other hand, if good cause exists why a case should be continued from term to term of the court, this cause can be made to appear in the record, and the ends of public justice will be protected.' * * *

"From the above it will at once be observed that this defendant was not granted a trial, 'at the next term of court,' after the information was filed against him. He has been in jail and the state penitentiary since May 26, 1940. Defendant has brought himself clearly within the rule announced by this court in the case of Harris v. Ogden, supra [44 Okla. Cr. 418, 281 P. 316], and other cases. The State at no time assumed the burden cast upon it to give the defendant a speedy trial. In fact, there was unnecessary delay, which entitled the defendant to have his motion for discharge granted on May 22, 1941."

In the case of Brummitt v. Higgins, 80 Okla. Cr. 183, 157 P.2d 922, the following rules of law were adopted as shown by the syllabus:

"Under provisions of Oklahoma Constitution, the accused in criminal prosecution has the right to a speedy and public trial by an impartial jury of the county in

which the crime is alleged to have been committed. Art. 2, sec. 6; Art. 2, sec. 20.

"The word 'speedy' as used in the constitutional provision that an accused shall have the right to a 'speedy' and public trial by an impartial jury of the county in which the crime shall have been committed, being a word of indeterminate meaning, permits legislative definition to some extent.

"Under the provisions of 22 O.S.1941 § 812, the accused in a criminal prosecution applying for dismissal for unnecessary delay, who is incarcerated, need only show expiration of statutory time and lack of postponement on his application or with his consent. Prosecution must then show legal cause for continuing his trial over statutory time.

"There is no fixed rule for determining the question as to what is meant by the term 'unless good cause to the contrary be shown.' 22 O.S.1941 § 812. It is a matter for judicial determination under the facts and circumstances in each particular case.

"Where defendant is on bail, the presumption is that a delay in the trial is caused by or with the consent of defendant, and the record must affirmatively show that he demanded trial or resisted continuance of the case. However, if defendant is not on bail, the law makes the demand for trial for him and the prosecution has the burden of showing that the trial was delayed for some lawful cause."

It is apparent by reason of the above authorities that the trial court committed reversible error in overruling the motion to dismiss. There is no limitation of time within which a prosecution for murder may be commenced. Since a dismissal of the case will not preclude the county attorney from filing another complaint and starting the prosecution anew for this same offense, the

defendant has little to gain. 22 O.S.1941 § 817. Ex parte Warrenburg, 63 Okla. Cr. 125, 73 P.2d 476; Brummitt v. Higgins, supra.

But under the Constitution and statutes of the State of Oklahoma, as construed by the authorities above cited, this court has no choice but to remand the case to the superior court of Seminole county with instructions to sustain the motion to dismiss the information filed against the defendant for the reason that the defendant has been denied his right to a speedy trial.

There are other assignments of error in the brief of defendant. The contention of defendant that the trial court committed error in admitting evidence of former convictions in a prosecution for murder under an information charging the crime of murder as a second and subsequent offense has been decided contrary to the contention of the defendant. Johnson v. State, 79 Okla. Cr. 71, 151 P.2d 801, 802, wherein it is held:

"Habitual criminal statute authorizing increased punishment for subsequent conviction should not be used by prosecution in capital felonies, unless it is clear that the Court must charge the jury on some included offense, because there can be no cumulative punishment in a capital case, and statute should not be used to prejudice an accused on trial for his life by admitting evidence of distinct offenses which tend to show the bad character of the accused.

"Trial court may admit evidence of former conviction in murder prosecution where plea of self-defense is interposed and evidence of State shows that included offense of manslaughter in the first degree must be submitted to the jury, provided said prior conviction is charged in the information.

"An information charging all the essential elements of murder is not subject to demurrer, because it further alleges the fact of a prior conviction."

It is conceded by the Attorney General that instruction No. 6 given by the trial court was erroneous, but it is contended in the state's brief that the giving of this erroneous instruction was harmless error. The instruction as drawn is confusing and the latter part of the instruction is contradictory to the first paragraph of said instruction. In considering this instruction as a whole, it would appear that it cast the burden on the defendant to prove beyond a reasonable doubt that he killed the deceased in his own self-defense. If this case should be retried under a new prosecution, this instruction should be corrected to cure this apparent defect. The other assignments of error do not appear to have substantial merit.

It is our conclusion, after full consideration of the record in this case, that the defendant being in custody and not on bail had only to show that he was not brought to trial at the next term of court after the information was filed, that the delay was not on his application or with his consent, and that the burden shifted to the state to show good cause why the defendant had not been tried. The state has wholly failed to sustain this burden.

It is therefore ordered that this case be reversed and remanded to the superior court of Seminole county, Okla., with instructions to sustain the motion of the defendant to dismiss the prosecution for failure to give him a speedy trial as guaranteed by the Constitution and statutes of Oklahoma.

BAREFOOT, J., concurs. DOYLE, J., not participating.