Ernest R. LEWIS, Petitioner,

v.

William H. MATTINGLY, Osage County Attorney, and the State of Oklahoma, Respondents.

No. A–13917.

Court of Criminal Appeals of Oklahoma.

July 13, 1966.

· Ernest R. Lewis, pro se.

William H. Mattingly, County Atty., Osage County, pro se.

NIX, Judge.

■ This is an original proceedings filed by the petitioner, Ernest R. Lewis, in which he seeks a "Writ of Prohibition" from this Court against the District Court of Osage County, directing them to dismiss a case pending there against him. This is not the proper procedure to bring this point before the Court of Criminal Appeals. A Writ of Habeas Corpus-Ad Prosequendum should first be filed in the District Court of Osage County, and if denied, then the same form filed in this Court.

However, we will overlook the matter of form in this instance, and review the facts as furnished to this Court.

Petitioner alleges that he was charged in Osage County District Court Case # 4980 with the crime of Unauthorized Use of A Motor Vehicle on July 23, 1962. He states that since that time he has been a resident of the State of Oklahoma, and has never been a fugitive from justice, and that the authorities of Osage County have denied him a speedy trial. He is presently incarcerated in the Penitentiary on a Two Year Sentence from another county.

The County Attorney of Osage County, William H. Mattingly, has filed a response to this petition, in which he states that:

"1. That there was filed in the Justice Court of V. E. Theis in Pawhuska, Oklahoma, a charge alleging that Ernest Ray Lewis violated the provisions of Title 47 Oklahoma Statutes #4-102, Unauthorized Use of a Motor Vehicle, on July 11, 1962; that on said 11th day of July, 1962, said defendant appeared before said Justice of the Peace who read the criminal complaint to said defendant, advised him of his right to counsel, advised him of his right to wait 24 hours in which to enter a plea, advised him of his right to a Preliminary Hearing or to waive same and set bond at $3,000.00; that said defendant advised the court that he understood all of said rights and waived the 24 hours in which to plea and entered his plea of not guilty and Preliminary Hearing was set for 9:30 A.M., July 20, 1962.

2. That on July 20, 1962 at 9:30 AM the defendant appeared in person without counsel and without having requested that counsel appear in his behalf, the State of Oklahoma appearing by and through Patrick A. Williams, County Attorney of Osage County, and the defendant when asked by the court if he were ready to proceed with said preliminary hearing advised that it was his desire to waive said hearing and said Justice Court granted defendant's request and ordered said defendant bound over to the District Court of Osage County for trial on said charge of Unauthorized Use of a Motor Vehicle and set bail bond at $3000.00.

3. That on July 23, 1962, there was filed in the District Court an Information accompanied by the transcript of the aforementioned proceedings charging the defendant with the crime of Unauthorized Use of A Motor Vehicle, Case, #4980; that on August 1, 1962, said defendant appeared in person and by and through counsel of his own choice, Mr. George Briggs of the firm of Shoemake & Briggs, Pawhuska, Oklahoma, and entered a plea of not guilty and the court set bail bond at $1,000.00 and advised the defendant that this case would be presented to a jury during the next term of the District Court; that defendant was then released from custody on bail bond in the sum of $1,000.00 being filed and approved.

4. That on January 15, 1963 upon request of the bondsman, the court released and exonerated the bondsman and issued a Bench Warrant for the arrest of said defendant.

5. That on April 16, 1963, the State of Oklahoma filed an Application for Writ of Habeas Corpus Ad Prosequendum for the return of said defendant to the District Court of Osage County from the custody of the Sheriff, Tulsa County for purposes of presenting said cause to a jury on April 24, 1963; that said defendant was returned to Osage County Jail on April 17, 1963 pursuant to said Writ of Habeas Corpus Ad Prosequendum.

6. That on April 19, 1963, said George Briggs requested permission to withdraw as counsel for the defendant and the court granted such request.

7. That on April 24, 1963, the court appointed Matthew Kane, Jr. of Hamilton, Kane & Kane, Pawhuska, Oklahoma, to represent said defendant as an indigent; that also on April 24, 1963, said case was called for on the regular Criminal Assignment and said Matthew Kane, Jr. filed a Motion for Continuance for the term due to inadequate time in which to prepare for trial and said court sustained said Motion over the objection of the State of Oklahoma.

8. That on the 25th day of April, 1963, said defendant was returned to the Tulsa County Jail, Tulsa, Oklahoma, to serve a conviction in that jurisdiction in Tulsa District Court Criminal Case No. 19,791.

9. That on July 25, 1963, said defendant posted bail bond in the amount of $1,000.00 in the District Court of Osage County and was released from custody of the Sheriff of Osage County.

10. That on January 31, 1964, said cause was called on criminal assignment for jury trial and passed to the foot of the assignment for trial on February 5, 1964.

11. That on February 5, 1964, said cause was called for trial and the defendant moved to have the case stricken for the term and the court sustained said Motion over the objection of the State of Oklahoma.

12. That on October 29, 1964, said case was called on Criminal Assignment with the State of Oklahoma announcing ready, the defendant by and through Matthew Kane, Jr. announcing not ready because of the absence of the defendant and the court ordered the bond heretofore mentioned forfeited and a Bench Warrant issued for the arrest of said defendant.

13. That on October 20, 1965, the case was called for trial on Criminal Jury Assignment and the defendant at that time was incarcerated in the State Penitentiary at McAlester, Oklahoma, and the court ordered the case stricken for the term; that at this time the State of Oklahoma first learned of the defendant's incarceration in the State Penitentiary.

WHEREFORE, premises considered, respondent states to this Court of Criminal Appeals that since the information was filed in the District Court that the defendant was at liberty on bond in this jurisdiction, that the State of Oklahoma has made every effort to afford defendant a speedy trial in that it has announced ready to proceed with the trial at each and every jury term of the District Court and that there has been no laches on the part of the State since defendant's arraignment in the District Court of Osage County on August 1, 1962, that the defendant has twice, over the objection of the State of Oklahoma, obtained continuances on his own Motion, that he has once failed to appear for trial and that on October 20, 1965, the State first learned of his incarceration in the State Penitentiary, that at no time during the period this charge has been pending has defendant in writing or orally demanded trial or filed a Motion to Dismiss in the District Court of Osage County; that the Application for Writ of Prohibition be denied and that the defendant be returned to this jurisdiction for trial during the next term of the District Court."

This record speaks for itself.

This Court has held repeatedly:

"Where defendant is on bail, the presumption is that a delay in the trial is caused by or with the consent of defendant, and the record must affirmatively show that he demanded trial or resisted continuance of the case. * * *" Davidson v. State, 82 Okl.Cr. 402, 171 P.2d 640.

And, further, in the case of Blake v. State, Okl.Cr., 375 P.2d 270:

"A defendant, prosecuted for a public offense, whose trial has been postponed upon his application is not in position to urge dismissal for delay." Art. 2, § 6; T. 22, OSA, § 812.

In the instant case, any delay was certainly occasioned by the petitioner, and the District Court of Osage County stands ready to try their case in the next term of court.

It is, therefore, the order of this Court that the Petition for Writ of Prohibition be Denied.

BUSSEY, P. J., and BRETT, J., concur.