[No. 1012.    Decided December 5, 1893.]

*In the Matter of the Petition of* ANTONIO BOJAR, *for a Writ of Habeas Corpus.*

CRIMINAL LAW — CONVICTION OF DEFENDANT — DEDUCTION FROM TERM OF SENTENCE OF TIME PASSED IN JAIL PENDING APPEAL.

Where a defendant in a criminal action has been sentenced to the penitentiary, and has taken an appeal from the judgment of conviction, he is entitled, under Laws 1893, p. 133, § 30, to have deducted from the term of his sentence the time during which he remains in the county jail pending the appeal, although his appeal may have been dismissed for want of prosecution.

*Appeal from Superior Court, King County.*

*John F. Miller*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

Scott, J.—Antonio Bojar was convicted in the superior court of King county of an assault with a deadly weapon, and on July 2, 1892, was sentenced to confinement in the penitentiary for the term of nine months.   He took an appeal therefrom to this court, which was dismissed for want of prosecution.   While said action was being prosecuted in the superior court, and while said appeal was being taken and was pending, said Bojar remained in the county jail of King county, which period exceeded the time for which he was sentenced to imprisonment in the penitentiary. Subsequently said Bojar sued out a writ of *habeas corpus* in said court to obtain his discharge, under § 30 of the act approved March 8, 1893, Laws, p. 133, which provides as follows:

"An appeal by a defendant in a criminal action shall stay the execution of the judgment of conviction.   In case the defendant has been convicted of a felony, and has been unable to furnish the bail bond required by section thirty-one of this act, pending the appeal, the time during which he remains in the jail of the county from which the appeal is taken shall be deducted from the term for which he was theretofore sentenced to the penitentiary, if judgment against him be affirmed."

And said court ordered his discharge thereunder.   From this order the state appeals.

It is contended that said defendant was not entitled to the benefit of this section upon the ground that the dismissal for want of prosecution was not an affirmance of the judgment.   This may be technically correct, yet the practical result of a dismissal is the same as a judgment of affirmance.   It is contended that, if a dismissal for want of prosecution is to be held equivalent to an affirmance in this respect, it will afford offenders sentenced to short terms in the penitentiary an opportunity to evade the sen-

tence by simply taking an appeal, and delaying its prosecution. There is some force in this contention, but the legislature made no distinction as to short term sentences, and the statute only applies where the offender has remained in the county jail meanwhile. In case of an appeal, and a failure to duly prosecute it, the state can move to dismiss for that reason.

We are of the opinion that the judgment of the superior court discharging the defendant was right, and it is affirmed.

DUNBAR, C. J., and HOYT, ANDERS and STILES, JJ., concur.