[No. 3300. Decided June 19, 1899.]

*In the Matter of the Application of* W. E. BAKER *for a Writ of Habeas Corpus.*

APPELLATE JURISDICTION—HABEAS CORPUS PROCEEDINGS.

An appeal lies to the supreme court from a judgment remanding a prisoner on habeas corpus, under Bal. Code, § 6500, authorizing an appeal "in any action or proceeding," and Bal. Code, § 5739, declaring that a judgment in a special proceeding is a final determination of the rights of the parties therein.

HABEAS CORPUS—ISSUE IN EXTRADITION CASES.

Whether a crime is substantially charged by an indictment of a foreign state is the question to be determined in habeas corpus proceedings in an extradition case, and not whether the indictment conforms to the technical rules of pleading under the laws of that state.

EXTRADITION—REQUISITION—NECESSITY OF SEAL.

A prisoner will not be discharged in habeas corpus proceedings in an extradition case, because the seal of the demanding state was not attached to the governor's requisition, where it was otherwise correct in form and substance.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*John F. Dore* and *Solon T. Williams,* for appellant.

*James F. McElroy, John B. Hart* and *Walter S. Fulton,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—The appellant, Willard E. Baker, petitioned the superior court of King county for a writ of habeas corpus, alleging therein that he was illegally restrained of his liberty by John Doe, whose real name is John R. McGarr, the cause and pretense of said restraint being a warrant given under the hand of a justice of the peace in and for Seattle precinct, in King county, in this state, and an indictment returned by the grand jury of

Suffolk county, in the commonwealth of Massachusetts. The writ was issued as prayed for and service thereof made on the said McGarr, who, upon the return day thereof, made return thereto that he was the duly appointed agent of the state of Massachusetts to take and return the petitioner to that commonwealth as a fugitive from justice; that the petitioner had committed a felony in that state; that a grand jury of the county of Suffolk, state of Massachusetts, duly and lawfully returned certain indictments against the petitioner, charging him with said offense; that the governor of the state of Massachusetts in due form made a requisition upon the governor of this state for the arrest and rendition of the petitioner to the respondent as agent of the state of Massachusetts, and duly certified therein to the authenticity of said indictment; that the offense charged in said indictment was a crime against the laws of Massachusetts. As a part of said return, the respondent produced in court a copy of said indictment, of the requisition issued by the governor of Massachusetts, and of the warrant issued by the governor of the state of Washington. Upon the filing of the return, it was stipulated, by and between the petitioner and the respondent, that the laws of Massachusetts should be considered in evidence in the cause. No testimony was taken at the hearing, but the petitioner objected to the sufficiency of the return on the grounds, (1) that said return is vague, indefinite and uncertain, and does not contain facts sufficient to warrant the detention and imprisonment of the petitioner; (2) that the said return does not constitute a defense to the allegations set forth in the petition by said Willard D. Baker in the above entitled case; (3) that no legal issue is made in the return to the writ of habeas corpus herein, and that said writ shows upon its face that the extradition of the said Willard D. Baker is irregular and not in conformity with the requirements of the

constitution of the United States, the acts of congress, the laws of the commonwealth of Massachusetts and the state of Washington. After hearing the arguments of counsel and duly considering the same, the court gave judgment remanding the petitioner to the custody of the said Mc-Garr, and fixed his bail in the sum of $300 pending the appeal. The respondent moves to dismiss the appeal taken by the petitioner, on the ground and for the alleged reason that, under the laws of this state, no appeal can be taken from an order of the lower court remanding a person on a writ of habeas corpus. It is conceded by the learned counsel for the respondent that this court has entertained appeals from judgments upon habeas corpus in several instances; (see *In Re Bojar,* 7 Wash. 355, 35 Pac. 71; *Lovell v. House of the Good Shepherd,* 9 Wash. 419, 37 Pac. 660, 43 Am. St. Rep. 839; and *In Re Barbee,* 19 Wash. 306, 53 Pac. 155); but they nevertheless contend that the question has not heretofore been directly passed upon by this court, and that no provision for an appeal is found in the statute relating to habeas corpus, and that therefore no appeal can be taken from a judgment in such proceedings in this state. While it is true that the habeas corpus act itself does not provide for an appeal, and that there can be no appeal in any case unless authorized by law, we think it does not necessarily follow that there can be no appeal in cases of this character. As was intimated in *In Re Foye,* just decided by this court, the statute relative to appeals to the supreme court of this state is very broad and comprehensive, and explicitly declares that an appeal may be taken in "any action or proceeding." Laws 1893, p. 119 (Bal. Code, § 6500). Our statute further provides that a judgment in a special proceeding is a final determination of the rights of the parties therein. Bal. Code, § 5739 (Laws 1895, p. 115). These provisions we think are clearly applicable to this case, and

the motion to dismiss must therefore be denied. *In Re Foye, ante,* p. 250.

Upon the merits of the case little need be said, as it is only necessary to determine whether the provisions of the constitution of the United States and the law enacted by Congress to carry it into effect have been complied with in this instance. The warrant of extradition recites every fact requisite, under art. 4, § 2, of the constitution of the United States, and § 5278 of the Revised Statutes of the United States. It appears from the warrant of the governor of this state that the governor of the state of Massachusetts duly demanded of the governor of this state the delivery of the appellant, as a fugitive from justice from the state of Massachusetts, to the respondent McGarr; that the appellant was charged with the crime of embezzlement committed in the county of Suffolk, in said state, evidenced by a copy of an indictment returned by a grand jury of said county and state, duly authenticated by the governor of the state of Massachusetts. The indictment, a copy of which is included in the record and which was attached to the requisition of the governor of Massachusetts, clearly charges the appellant with the commission of the crime of embezzlement in that state. With the guilt or innocence of the appellant this court, of course, has no concern. The question here is whether he was in fact charged with a crime under the laws of Massachusetts. It is contended by the learned counsel for the appellant that the indictment is insufficient, in that it is too vague and uncertain to constitute a charge of crime, and especially the crime of embezzlement mentioned in the extradition warrant. The statutes of Massachusetts make embezzlement a crime in that state, and provide, among other things, that "whoever embezzles . . . money, etc., shall be deemed guilty of simple larceny;" and an examination of the indictment in question discloses that

the language of the statute has been carefully pursued. Public Statutes of Massachusetts, ch. 203, § 37. According to the averments of the indictment, the appellant is certainly charged with a crime. And it is not our province to determine whether or not the indictment conforms to the technical rules of pleading under the law of Massachusetts, but only to ascertain whether a crime is substantially charged. That appellant is a fugitive from justice is virtually admitted by the demurrer. The objection is made by the appellant that it does not appear from the record that the seal of the state of Massachusetts was attached to the governor's requisition. The requisition, being correct both in form and substance, we think is sufficient, and the fact, if it is true, that the seal of the state was not attached thereto would not justify the discharge of the appellant. *Hibler v. State,* 43 Tex. 197.

We think there is no merit in this appeal, and the judgment of the lower court is therefore affirmed, and it is ordered that the same be executed without further delay.

GORDON, C. J., and DUNBAR, FULLERTON and REAVIS, JJ., concur.