## THOMAS A. BAYNE v. STATE.

No. A-7087. Opinion Filed July 24, 1930.
(290 Pac. 354.)

Walter Mathews, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was by information charged with

the sale of one pint of whisky to Grady Lancaster, on the 28th day of December, 1927; was tried, convicted, and sentenced to pay a fine of $250 and costs and be confined in the county jail of Payne county for 90 days at hard labor. From which judgment the defendant by petition in error and case-made has appealed to this court.

The defendant for his defense in this case pleads former jeopardy; that he has been tried in the district court on the same charge and a verdict of not guilty rendered; that he filed a motion for a new trial, which motion was on the 26th day of January, 1928, considered by the court, and the court sustained the motion for new trial and ordered the case dismissed and the defendant discharged; that the style of the case in the district court is Thomas A. Bayne v. State of Oklahoma, No. 1467. That the information charged that the defendant Thomas A. Bayne, on the 9th day of April, 1927, was duly charged by information in the district court of Payne county, with the unlawful selling of spirituous liquor, to wit, whisky, and that on the said 9th day of April, 1927, the said Thomas A. Bayne duly entered his plea of guilty, whereupon the court rendered his judgment, and sentence was entered upon his plea of guilty, from which judgment and sentence the defendant did not appeal but served 30 days in the county jail of Payne county and paid a fine of $100; said conviction thereby became a final conviction.

Thereafter, to wit, on the 28th day of December, 1927, the said Thomas A. Bayne did then and there willfully, wrongfully, and feloniously sell to Grady Lancaster one pint of spirituous liquor, to wit, whisky, for the sum of $1.50. The information in this case was No. 5045, State of Oklahoma v. Thomas A. Bayne, in the county court of Payne county, and charged the defendant with selling to

Grady Lancaster, on the 28th day of December, 1927, one pint of spirituous liquor for $1.50.

The date of the alleged offense in the district court and the date of the alleged offense in the county court are the same. The party to whom the sale is alleged to have been made, the amount of whisky, and price paid is the same in each information.

In the trial of this case the state called as a witness Grady Lancaster, who testified in substance as follows:

"I bought from the defendant Thomas A. Bayne, in Payne county, Oklahoma, on the 28th day of December, 1927, one pint of whisky for which I paid him $1.50; on that date he delivered to me a pint of whisky, and I delivered to him $1.50; this was the only whisky I bought from him that day. I testified in the case of State of Oklahoma v. Thomas A. Bayne, No. 1467, in the district court of Payne county, Okla., in which the defendant was on trial for this same sale of whisky to me; this defendant on trial is the same person that was on trial in that case, and the offense for which he is on trial in this case is the same offense, or rather the same sale of whisky for which he was tried in the district court of Payne county. The bottle of whisky I now hold in my hand is the whisky I bought from the defendant on the 28th day of December, 1927."

The defendant introduced a transcript of the proceedings of his trial in the district court of Payne county, showing that he had been tried and convicted. A motion for a new trial had been filed and sustained by the trial judge and the case ordered dismissed and the defendant ordered discharged. The defendant's plea of former jeopardy was decided against him, and the defendant by petition in error and case-made has appealed to this court.

The defendant assigns two errors alleged to have been committed by the trial court: First, the court erred in

overruling his motion for a new trial on his plea of former jeopardy. Second, the verdict of the jury and judgment of the court in favor of the state, on his plea of former jeopardy, is contrary to, and not sustained by, the evidence or the law.

An examination of the record in this case shows that the defendant had been tried in the district court upon an information alleging a former conviction and then charging that on the 28th day of December, 1927, the defendant sold one pint of whisky to Grady Lancaster for the sum of $1.50. In other words the record shows conclusively that the defendant was tried in the district court of Payne county, a court of competent jurisdiction, upon an information charging sufficient facts to give the district court jurisdiction of the offense charged, and was convicted. Motion for a new trial was filed by the defendant, sustained by the court, and the court ordered the defendant discharged and his bail exonerated. The defendant insists that the action of the court in sustaining his motion for a new trial, ordering the defendant discharged and his bail exonerated, amounted to an acquittal, and that his trial in the county court was contrary to law.

Section 2915, C. O. S. 1921, is as follows:

"If the court direct the action to be dismissed, the defendant must, if in custody, be discharged therefrom, or if admitted to bail, his bail is exonerated, or money deposited instead of bail must be refunded to him."

Section 2918, C. O. S. 1921, reads as follows:

"An order for the dismissal of the action as provided in this article, is not a bar to any other prosecution for the same offense."

That part of section 2753, C. O. S. 1921, applicable to the facts in this case is as follows:

"A new trial is a re-examination of the issue in the same court, before another jury, after a verdict has been given. The granting of a new trial places the parties in the same position as if no trial had been had."

As we view the law in this case the order of the district judge sustaining the motion for a new trial and ordering the case dismissed, and defendant's bail exonerated, placed the defendant in the position as though no trial had been had, and does not constitute a bar to a future prosecution of said offense by information filed in a court of competent jurisdiction. The county court of Payne county, as shown by the information in this case, had full jurisdiction of the offense, and the defendant's plea of former jeopardy was properly denied.

The evidence is sufficient to sustain a conviction of the crime charged. Finding no errors in the record sufficient to warrant a reversal, the judgment of the lower court is affirmed.

EDWARDS, P. J., concurs. CHAPPELL, J., not participating.