Ex parte ROY WILLIAMS.

No. A-9433.   Jan. 21, 1938.
(75 P. 2d 904.)

Samuel W. Liske, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore and Owen J. Watts, Asst. Attys. Gen., for respondent.

DOYLE, J. This is an application for discharge from imprisonment in the state penitentiary by writ of habeas corpus on the part of Roy Williams.

It appears that petitioner is held under a commitment issued in execution of sentence upon a judgment of the district court of Muskogee county, rendered January 5, 1927, in accordance with the verdict of the jury finding petitioner guilty of the crime of robbery with firearms, wherein he was sentenced to serve a term of 25 years in the state penitentiary. He appealed. No briefs were filed and no appearance for oral argument made, the case was submitted on the record, and the judgment affirmed. Williams v. State, 41 Okla. Cr. 419, 273 Pac. 1009. The minimum expiration of the sentence based upon good conduct and works credit is November 19, 1938, as shown on the face of his prison record, showing also, that petitioner had a clear record, without any penalties for violations of penitentiary rules. That on a prior conviction for the same offense, petitioner appealed, and while the appeal was pending he served one year, four months, and twenty-eight days in the penitentiary before the judgment was reversed and case remanded for a new trial. Williams v. State, 35 Okla. Cr. 171, 249 Pac. 433.

That having been once convicted for the same offense and having suffered punishment under the former conviction, he is entitled to credit for the time so served on

the first conviction. Wherefore he has more than served out the entire term of punishment, and should have been discharged.

That for the reasons stated he is unlawfully deprived of his liberty, as his detention is without due process of law, and is a denial of the equal protection of the laws.

The argument is made on behalf of petitioner that since only defendants who are unable to give appeal bonds are the ones who have to serve the sentence in the penitentiary pending appeal, while those giving the statutory bond retain their freedom pending appeal, therefore, by the ruling of the Attorney General, petitioner is denied justice according to due process of law; citing Jackson v. Com., 187 Ky. 760, 220 S.W. 1045, 9 A. L. R. 955, quoting annotation p. 958, as follows:

"It is generally conceded that where an original sentence is merely erroneous, credit may be had for the time served thereunder. But in some of the cases a distinction has been made between sentences which are merely erroneous and those which are regarded as absolutely null and void, and in the latter instance credit for the time served thereunder is refused—a result seemingly more consistent with dry logic than natural justice. The distinction has not been made in all of the cases. For instance, in the reported case (Jackson v. Com. [187 Ky. 760, 220 S. W. 1045, 9 A.L.R.] 955), the court without reference to the question whether or not the original judgment was void or merely erroneous, held that in resentencing the defendants they should be allowed credit for the time served under the erroneous sentence. It will be remembered that the theory of the court was that it would be both an injustice and a 'flagrant invasion of their legal rights' to require them to serve their terms or any part thereof twice."

In some jurisdictions statutes have been enacted which in some instances, at least, have a bearing upon the question under consideration. For instance, the Iowa statute, Code 1935, § 14018, provides that if a defendant, imprisoned during the pendency of an appeal, is granted a new trial and is again convicted, the period of his former imprisonment shall be deducted from the period of imprisonment to be fixed on the last verdict of conviction.

See State ex rel. Bone v. Barr, Warden, 133 Iowa, 132, 110 N.W. 280, holding that upon resentence the defendant is entitled to have the "good time" earned under his former sentence considered in determining the amount of further punishment that should be imposed.

In the case of In re Bojar, 7 Wash. 355, 35 Pac. 71, it is held that a defendant is entitled to the benefit of the statute when the appeal is dismissed for want of prosecution.

Counsel for the state in their brief say:

"The effect of the granting of a new trial has been declared by statute in this state.

"Section 3119 O.S. 1931, [22 Okla. St. Ann. § 951] provides in part: 'A new trial is a re-examination of the issue in the same court, before another jury, after a verdict has been given. The granting of a new trial places the parties in the same position as if no trial had been had. * * * The former verdict cannot be used or referred to either in evidence or in argument, or be pleaded in bar of any conviction which might have been had under the indictment or information,' "—citing Watson v. State, 26 Okla. Cr. 377, 224 Pac. 368; Duncan v. State, 41 Okla. Cr. 89, 270 Pac. 335; Bayne v. State, 48 Okla. Cr. 195, 290 Pac. 354.

The response to the rule to show cause why the writ should not issue concludes:

"Respondent denies that petitioner is entitled to credit for the time he served while said case was on appeal, and that petitioner will not have served his present sentence on a minimum basis until November 19, 1938."

The important question involved in the case on the uncontroverted facts is whether or not petitioner is entitled, under the law, to credit with the time he had served in the penitentiary before the reversal of the former judgment; in other words, to have the period of his former imprisonment for the same offense deducted from the term of imprisonment fixed on the last verdict of conviction?

In the early case of Ex parte Tyler, 2 Okla. Cr. 455, 102 Pac. 716, 718, a similar question was before this court. In the opinion, after quoting the statute, we said:

"Here are two distinct provisions. The first provides that: 'If an appeal is taken and the bond so fixed is given by the defendant, conditioned, etc., the execution of the judgment shall be stayed until affirmed or reversed, or modified by the Supreme Court.' The second provides that: 'If no bond be given the appeal shall stay the execution of judgment, but the defendant shall be confined in the county jail, until the case is finally disposed of.' The first provides for a supersedeas bond when an appeal is taken. The latter dispenses with a bond, but stays the execution when the appeal is taken. The greater includes the less as in many other instances, but the less does not necessarily extinguish the greater. The section amended (5612, Wilson's Rev. & Ann. St. 1903 [22 Okla. St. Ann. §§ 1057-1062]) originally provided: 'If no bond be given the appeal shall not stay the execution of the judgment'; as amended it omits the word 'not,' and adds: 'But the defendant shall be confined in the county jail until the case is finally disposed of.' This amendment was man-

ifestly designed to prevent the imprisonment in the penitentiary of a defendant pending his appeal from a judgment of conviction. * * *

"We are not disposed to defeat the object of the statute by so construing it as to make it a nullity. The true inquiry in the interpretation of statutes is to ascertain the intention of the lawmaking power in order to give it proper effect; and the only reasonable construction that can be placed on this provision is that upon the court notifying the defendant of his right to appeal and fixing the time within which the petition in error shall be filed in this court, as provided in said section aforesaid, and upon the defendant giving notice that he intends to appeal, the judgment of imprisonment in the state penitentiary shall thereupon be stayed for a period of not less than 33 days, the statutory time to make and serve a case. Should the court or judge thereof extend the time for making a case, and the time within which the case may be served, the time for settling, certifying, and signing the case should be limited, also the time should be fixed for filing the petition in error in the Criminal Court of Appeals. The defendant should have the advantage of every right which the law secures to him before a conviction should be made final. Among these rights, the defendant has the right of appeal, the right to give bail, if the crime be a bailable one, and the right to have the execution of the judgment of imprisonment in the state penitentiary stayed pending the appeal, even though no bail bond is given. * * *

"Counsel for the state in their brief argue that to give force and effect to this provision of said section as amended no defendant in a criminal case could be transported to the state penitentiary for a period of one year after his conviction, for the reason that under the statute (section 5609, Wilson's Rev. & Ann. St. 1903 [22 Okla. St. Ann. § 1054]) every defendant as a matter of right has one year after judgment is rendered in which to take his appeal, but neither reason nor authority has been adduced to support this argument. Such a construc-

tion would make this provision an anomaly in our Criminal Procedure on appeal. There is a rule of construction which we think applicable to this question, and it is, where the court finds in any particular clause an expression not so definite and expressive in its import as those used in other parts of the same statute, if, upon a view of the whole act, the real intention of the lawmaking power can be collected from the definite and more extensive expressions used in the other parts, the court should give effect to such definite expressions, unless such a construction contravenes some other potent provision of the law. While said second provision is somewhat indefinite, yet, when we consider it with the direct and definite expressions of the provision providing for supersedeas and prescribing the practice in cases of bail, the obvious intention of the lawmaking power as manifested in these amendments was to prevent the degradation of a defendant by incarceration in the state penitentiary pending his appeal, who might thus secure a reversal of the judgment of conviction, and who by reason of his poverty was unable to give a supersedeas bond. We believe it is clearly contemplated by these amendments and the act as a whole that the execution of a judgment of imprisonment in the state penitentiary shall be stayed by proper proceedings taken to reverse, vacate, or modify the judgment on appeal, and it is the privilege of a defendant unable to give bail pending his appeal to be held in the county jail."

Our statute provides:

"The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma; but the rule of the common law, that statutes in derogation thereof, shall be strictly construed, shall not be applicable to any general statute of Oklahoma; but all such statutes shall be liberally construed to promote their object." Chapter 1, art. 1, § 2, St. 1931, 12 Okla. St. Ann. § 2.

It was the rule at common law that a writ of error operated, by its own inherent force, as a supersedeas of all proceedings on the judgment in the court below. 3 Cor. Jur. p. 1272.

The statutory provisions in this state providing for appeals in criminal cases changed the common-law rule as to the effect of an appeal or writ of error upon the right of enforcement of a judgment of conviction in the court below.

The difference between the cases cited in the Attorney General's brief based on the common-law rule and the one at bar is a radical one.

In a case like this the court has the right to examine its own records and take judicial notice thereof in regard to the proceedings formerly had therein by one of the parties to the proceedings now before it. Ex parte Nowabbi, 60 Okla. Cr. App. 111, 61 P. 2d 1139.

We have examined the record on the appeal in Williams v. State, 35 Okla. Cr. 171, 249 Pac. 433. It appears the reversal of the judgment was for misconduct of the prosecuting attorney in cross-examining a witness. We have also examined the record in Williams v. State, 41 Okla. Cr. 419, 273 Pac. 1009, and it appears that the judgment was affirmed for failure to prosecute the appeal.

Under Procedure Criminal, section 3204, 22 Okla. St. Ann. § 1066, this court, exercising its revisory jurisdiction, has the power and authority to modify any judgment appealed from by reducing the sentence. Williams v. State, 10 Okla. Cr. 336, 136 Pac. 599.

This court has plenary power to rectify the judgment appealed from by reducing the sentence in conform-

ity to the punishment prescribed by the statute. Johnson v. State, 12 Okla. Cr. 260, 154 Pac. 1004.

If the attention of the court had been called to the question of appellant's right to be credited with the actual time served as a part of his term of imprisonment pending the appeal, we think that under the statute, section 3196, as amended by Laws 1935, c. 17, art. 5, § 1, 22 Okla. St. Ann. § 1058, the same should have been allowed, and the judgment so modified. However, the precise question involved is a question of first instance.

Under Bill of Rights, bail is a matter of right before conviction in all cases, "except for capital offenses when the proof of guilt is evident, or the presumption thereof is great." Const. art. 2, § 8.

The right of bail after conviction pending appeal is purely statutory, and would not exist in the absence of the statute.

The Procedure Criminal sections construed in Ex parte Tyler, supra, appear as amended in the Revised Laws of 1910, §§ 5994, 5995, 22 Okla. St. Ann. §§ 1057, 1058. In statutes of 1931, as follows:

"If the crime of which the defendant is convicted be a bailable one, the court shall at the time of entering judgment notify the defendant of his right to appeal and fix the amount of his appeal bond and the time within which the bond shall be given in order to stay the execution of the judgment pending the filing of the appeal in the appellate court, and if the bond be given in the time fixed by the court, execution of the judgment shall be stayed during the time fixed for the settling of the case-made. If the case-made be settled in time and the appeal filed in the appellate court as required by law, then the bond shall stay execution of the sentence during the pendency of the appeal, subject to the power of the

court to require a new or additional bond, when the same is by the court deemed necessary." Section 3195, 22 Okla. St. Ann. § 1057.

Section 3196, 22 Okla. St. Ann. § 1058, in part provides:

"If no bond be given the appeal shall not stay execution of the judgment, except in capital cases or where otherwise specifically provided by law."

Section 3196, as amended, article 5, c. 17, p. 20, Session Laws of 1935, 22 Okla. St. Ann. § 1058, provides:

"If no bond be given the appeal shall not stay execution of the judgment, except in capital cases or where otherwise specifically provided by law. If pending the appeal the bond be given, a further execution of the judgment shall be stayed and the defendant released pending the determination of the appeal."

The first provision is that:

"If the bond be given in the time fixed by the court, execution * * * shall be stayed during * * * the pendency of the appeal."

The second provides that: "If no bond be given the appeal shall not stay execution of the judgment."

In the case of Ex parte Ridley, 3 Okla. Cr. 350, 106 Pac. 549, 26 L.R.A., N.S., 110, this court held:

"The law giving to prisoners certain deductions from their term of imprisonment for good behavior is not unconstitutional as an infringement of the prerogative of the Governor to pardon. It does not restrict or interfere with this power in any way. It simply fixes the term of imprisonment in certain cases and upon certain conditions, and thus enters into and becomes a part of the judgment and sentence of the court."

In the course of the opinion it is said:

"Under the provisions of Procedure Criminal (article 14, c. 89, Snyder's Comp. St. 1909 [22 Okla. St. Ann. § 961 et seq.]), after a plea or verdict of guilty the court must render judgment, and assess the punishment or penalty prescribed by law. The time fixed for executing a judgment and sentence, or for the commencement of its execution, is not one of its essential elements, and, strictly speaking, is not a part of the judgment and sentence. The essential part of the judgment and sentence is the punishment, and the amount thereof, without reference to the time when it shall be executed."

The uniform holding of this court is that expiration of time without imprisonment is in no sense an execution of the sentence, and, where the punishment is imprisonment, the sentence may be satisfied only by serving the imprisonment imposed, unless remitted by death or legal authority.

Ex parte Eldridge, 3 Okla. Cr. 499, 106 Pac. 980, 27 L.R.A., N.S., 625, 139 Am. St. Rep. 967; Ex parte Alexander, 5 Okla. Cr. 196, 113 Pac. 993; Ex parte Smith, 17 Okla. Cr. 578, 190 Pac. 1092; Heath v. State, 22 Okla. Cr. 122, 210 Pac. 560; Ex parte Porter, 60 Okla. Cr. 327, 64 P. 2d 1235.

It appears that before the amendment in the 1910 revision of the statutes, that while an appeal was pending, the judgment was not enforceable against the defendant. A detention during the pendency of the appeal, subject to his right to be admitted to bail, was of the same character as a detention on the charge made against him during the pendency of the action in the trial court, down to the time of rendering the judgment and taking of the appeal. The amendment specifically provides: "If no bond be given the appeal shall not stay execution of the judgment."

Applying the rule of statutory construction in the Tyler Case, that where the court finds in a particular clause an expression not so definite in its import as those used in other parts of the same statute, if upon review of the whole act the real intention of the lawmaking power can be collected from the definite and more extensive expressions used in other parts, the court should give effect to such definite expressions, unless such a construction contravenes some other potent provision of the law. While said second provision is somewhat indefinite, in that it does not specifically provide that the period of time served under the sentence while the appeal is pending is to be computed as a part of the time of sentence served, yet, when we consider it with the direct and definite expressions of the provisions providing for appeal and prescribing the practice in cases of bail, the obvious intention of the lawmaking power, as manifested in this amendment, was that a defendant, committed in execution of the judgment during the pendency of his appeal, shall be allowed credit for the time served in the penitentiary before the affirmance or the reversal of the judgment.

A convicted defendant by taking an appeal has waived his jeopardy only. On this subject, Mr. Bishop says:

"It would resemble a civil suit to recover a debt already paid, and punishment paid is no more due a second time than a civil debt." 1 Bish. New Crim. L. 614.

And we have invariably held that a defendant committed in execution of the judgment on affirmance is entitled to credit for time served while the appeal was pending. Section 3208, 22 Okla. St. Ann. § 1070. Equal rights to all are what are intended to be secured by the establishment of constitutional limits to legislative power.

It is a well-settled rule of law that statutes prescrib-

ing punishment are to be strictly construed in favor of the defendant, and, where such statute is capable of two constructions, the construction which operates in favor of the defendant is to be adopted. Ex parte McClure, 6 Okla. Cr. 241, 244, 118 Pac. 591.

It follows from the foregoing review that under the provision of the statute providing for the execution of the judgment, if no bond be given pending the appeal, and the defendant is committed to the penitentiary in execution of the judgment, and on a new trial after reversal on appeal, he is again convicted of the same offense, he is entitled to have the period of his imprisonment deducted from the period of imprisonment to be fixed on the last conviction.

From all the foregoing considerations, we are of the opinion that petitioner, Roy Williams, is unlawfully restrained of his liberty, and that he is entitled to a discharge from the imprisonment from which he complains. He is therefore by the judgment and order of this court discharged therefrom.

DAVENPORT, P. J., and BAREFOOT, J., concur.