Ex parte GLENN WILKERSON.

No. A-10358. March 24, 1943.

(135 P. 2d 507.)

Hulsey & Hulsey and W. N. Redwine, all of McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for respondent.

JONES, P. J.    This is an original proceeding in habeas corpus brought by the petitioner, Glenn Wilkerson, to secure his release from imprisonment in the State Penitentiary at McAlester.

In the verified petition it is alleged that petitioner entered his plea of guilty to the crime of robbery with firearms in the district court of Comanche county and was sentenced to serve a term of 40 years' imprisonment in the State Penitentiary.    That he served five years and seven months on said sentence, at which time the judgment and sentence so pronounced against said petitioner in Comanche county was vacated in a habeas corpus proceeding in the Criminal Court of Appeals and the cause remanded to the district court of Comanche county for further proceedings.

That subsequent to the vacation of said 40-year term of imprisonment and on the 4th day of May, 1942, the petitioner was tried before a jury in Comanche county on the same charge of robbery with firearms, was con-

victed and sentenced to serve five years in the penitentiary, where he is now being confined by reason of said sentence.

The petitioner further alleges that he should be given credit on the sentence so pronounced against him for the five years and seven months which he served on the void judgment which was vacated.

A demurrer to said petition has been interposed by the respondent.

For a full history of the facts in this case reference is made to the case of Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139; Ex parte Meadows, 71 Okla. Cr. 353, 112 P. 2d 419; Ex parte Wilkerson, 72 Okla. Cr. 301, 115 P. 2d 923; Ex parte Wilkerson, 73 Okla. Cr. 32, 117 P. 2d 172.

Counsel for petitioner concedes that there is no statute vesting in this court or any other court the authority to grant petitioner credit on his new sentence for the time which he served on a void judgment, but he relies solely upon the case of Ex parte Williams, 63 Okla. Cr. 395, 75 P. 2d 904, 905. In that case it was held:

"Where a defendant is tried, convicted, and sentenced to imprisonment, and perfects an appeal, but no appeal bond is given, and he is committed to the penitentiary in execution of the judgment during the pendency of the appeal, and on a new trial after reversal on appeal he is again convicted of the same offense, held, that he is entitled to have the period of his former imprisonment deducted from the period of imprisonment to be fixed on the last conviction."

While the author of this opinion was not a member of the court at the time of the rendition of the Williams opinion, it is considered an appropriate occasion to state that had he been a member of the court he would have

dissented to the conclusion reached in that case for the reason that there was no statutory authority vesting in this court the power to extend to a prisoner credit for time so served, but such a contention is properly one to be addressed to the Governor in the exercise of his powers of clemency, which are exclusively vested in him. The cases cited in the Williams opinion as authority for the conclusion therein reached arose in states where authority had been vested by statute in the court to give, at the discretion of the court, allowances for credit for time served in the penitentiary pending a former appeal where the accused was again convicted and imprisoned on a new trial.

But regardless of whether the case of Ex parte Williams, supra, should be sustained or overruled, it is not controlling in the disposition of the petition filed herein because there is a wide distinction in the facts of the two particular cases.

The rule of law applicable to the disposition of this case is set forth in 24 C. J. S., Criminal Law, § 1995, p. 1230:

"* * * where he [prisoner] is confined in the penitentiary under a void or erroneous sentence because of his failure to obtain a suspension of his sentence during the pendency of proceedings in error, it is in no sense a part execution of a legal sentence, and by the rendition and execution of a legal judgment he is not punished twice for the same offense. A person released under a writ of habeas corpus after having served a part of a sentence of imprisonment imposed under a void indictment is not entitled to have the time so served credited on a sentence subsequently imposed under a valid indictment." Ogle v. State, 43 Tex. Cr. R. 219, 63 S.W. 1009, 96 Am. St. Rep. 860; State v. Lee Lim, 79 Utah 68, 7 P. 2d 825, 841.

No decision has been called to our attention extending the rule set forth in the Williams Case, supra, to apply to the time served by an accused upon a conviction which is vacated by a subsequent habeas corpus proceeding and the cause remanded for a new trial.

When this court vacated the judgment of 40 years' imprisonment rendered upon the plea of guilty by reason of jurisdictional defects in said proceeding, it remanded the cause for further proceedings and left the case standing as if no judgment had been pronounced and both the state and defendant were restored to the same position they were in prior to the arraignment of the accused.

If a person imprisoned under a void sentence which is later vacated is entitled to credit for the time served in prison prior to the vacation of said sentence, then the duty and authority to give this credit must be vested in some particular agency. There must be some statutory or constitutional grant of this authority. An examination of the statutes and the Constitution of Oklahoma discloses that there is only one agency to which such an application for credit may be addressed and that is the Governor. Oklahoma Constitution, art. 6, § 10.

It is apparent here that there was no defense to the robbery with firearms charge filed against defendant. He and his companion entered the home of the president of the bank of Indiahoma and held the family hostages throughout the night at the point of a gun waiting until the time lock would make it possible to get the safe at the bank open the next morning. They took the president of the bank to the bank the next morning holding him as hostage to protect them in the robbery. There is no dispute about these facts. The defendant himself brought out the fact that he had been incarcerated several years in the State Penitentiary upon his plea of guilty when

he was first arraigned. No doubt the jury took that fact into consideration when they assessed only the minimum punishment of five years imprisonment.

In Ogle v. State, supra, it is stated:

"Where appellant was convicted of murder under a void indictment, and after serving a part of a penitentiary sentence, was released by habeas corpus, he was not entitled to have the time served under the void conviction deducted from a sentence imposed after conviction under a valid indictment."

In the body of the opinion it is said:

"We are of opinion the court was correct in sustaining the demurrer to that portion of the plea which sets up the time endured under the first proceeding as a credit against the verdict to be rendered in this case. All the authorities we have found bearing on this question are adverse to appellant's contention. Partial payments do not apply to judgments imposing imprisonment, unless by the pardoning power in the commutation of time."

It is our conclusion that in order for the petitioner to receive an allowance or credit for the time served on the void judgment, his application is one that should properly be addressed to the chief executive of this state, who may, in the exercise of his discretion, grant or refuse such application.

The writ of habeas corpus is denied.

BAREFOOT, J., concurs. DOYLE, J., absent.