194 P.2d 615

**VIDEAN v. STATE.**

No. 7381.

Supreme Court of Idaho.

April 28, 1948.

P. A. McDermott and O. R. Baum, both of Pocatello, for appellant.

Robert Smylie, Atty. Gen., J. R. Smead, Asst. Atty. Gen., and Henry F. McQuade, Pros. Atty., of Pocatello, for respondent.

MILLER, Justice.

January 12, 1945, Majorie R. Videan, now Majorie Videan McGahan, obtained a decree of divorce in the circuit court of the county of Kent, state of Michigan from Ernest R. Videan, petitioner and appellant. The said decree awarded the custody of the

minor children of the marriage, to-wit, Lester, born August 26, 1934 and Richard, born October 1, 1936, to plaintiff, Majorie R. Videan. The decree of divorce contained a provision as follows: "And it is further ordered, adjudged and decreed that beginning twelve (12) weeks from January 6, 1945, that the Defendant, Ernest R. Videan, shall pay to the Clerk of the Court the sum of Eighteen ($18.00) Dollars per week, until the youngest child of the parties, namely: Richard, born October 1, 1936, shall arrive at the age of seventeen (17) years." Sometime in February, 1945, the petitioner and appellant left the state of Michigan and came to Pocatello, Idaho. He returned to Michigan in December, 1945, and remained there until about December 27, 1945, when he returned to Pocatello. Mrs. Videan remarried December 31, 1945. When appellant first came to Pocatello, Idaho, he worked at the "Navy Gun Plant" as a machinist and part-time instructor. On his return from Michigan in December, 1945, the position he formerly had as a machinist and part-time instructor was no longer available so he went to work as a common laborer at the gun relining plant, later expecting to resume his former employment as soon as there was an opening. He also engaged in employment other than that at the gun relining plant. He made a trip to Salt Lake City where he had a job as foreman with the National-Baldwin Co., but was unable to find a place to live so he came back to Pocatello, Idaho.

About February 15, 1947, on telegraphic warrant from the sheriff of Kent County, Michigan, appellant was arrested in Pocatello, Idaho, and placed in the Bannock County jail. March 5, 1947, Menso R. Bolt, Prosecuting Attorney of Kent County, Michigan, applied to the Hon. Kim Sigler, Governor of Michigan, for requisition upon the Governor of the state of Idaho, for the arrest and rendition of Ernest R. Videan to James Toohey, as agent for said county and state, in the extradition of said Videan. March 6, 1947, the Governor of the state of Michigan signed said requisition to and upon the Governor of the state of Idaho, in which it was stated that Ernest R. Videan stood charged with "committing acts in the state of Idaho, intentionally resulting in crime in the state of Michigan, to-wit: 'non-support'," and requesting that the said Ernest R. Videan be apprehended and delivered to James Toohey, as agent, authorized to receive and convey said Videan to the state of Michigan, there to be dealt with according to law. The application for requisition by the prosecuting attorney of Kent County, to the Governor of Michigan does not show that the said Ernest R. Videan fled from the state of Michigan, because of any crime committed within said state, and the executive authority of the state of Michigan in his authorization designating James Toohey, as agent, to take and receive from the proper authorities of the state of Idaho, the said Ernest R. Videan and convey him to the state of Michigan,

does not show that the said Videan is a fugitive from justice from the state of Michigan, nor does the requisition of the Governor of Michigan to the Governor of the state of Idaho assert that the said Videan is a fugitive from the state of Michigan or that he had fled therefrom and had taken refuge in the state of Idaho, but it does affirmatively appear from said documents and papers that the said Videan is not a fugitive from justice from the state of Michigan.

The charges accompanying the application for requisition from the demanding state, are contained in the complaint of Marjorie Videan McGahan, and are sworn to before a Justice of the Peace. In the first count is shown that the appellant, Ernest R. Videan, had failed, neglected and refused to provide the necessary and proper food, care, shelter and clothing for his minor children, to-wit: "non-support", as required by the statutory law of the state of Michigan. The second count of said complaint purports to show that the said Ernest R. Videan had committed acts in the city of Pocatello, state of Idaho, intentionally resulting in a crime in the state of Michigan, in that said Videan had failed, neglected and refused to provide the necessary and proper food, care, shelter and clothing for his minor children under the age of seventeen years, and in violation of and contrary to the provisions of section 161 of Act No. 328 of the Public Acts of the state of Michigan for the year 1931, being section 28.358 of the Michigan Statutes Annotated.

The proceedings for extradition were used in the hearing of petition for a writ of habeas corpus and, accordingly, constitute a part of the record in this case. The major questions for consideration relate to the authority of the Governor of the state of Idaho to issue a warrant of extradition based upon the contents of the requisition proceedings for the surrender of appellant. If those proceedings do not conform to the statutory requirements of this jurisdiction, or, are void for other reasons, then the action of the executive authority of this state was unauthorized in issuing a warrant for extradition to the demanding state. If the appellant was to be extradited, the warrant should be based upon a charge contained in some document accompanying the extradition proceedings and the Governor of this state could not include in his warrant a charge not contained within said proceedings. Said extradition warrant, among other things, is as follows:

"Whereas, His Excellency, Kim Sigler, governor of the state of Michigan, has made a requisition upon me, duly authenticated in accordance with the laws of said state of Michigan, showing that one Ernest R. Videan stands charged by indictment found in the county of Kent, in said state, with the crime of non-support, and that the said Ernest R. Videan is a fugitive from the justice of said state of Michigan, and that he has taken refuge in the state of Idaho.

"Now, Therefore, I, C. A. Robins, governor of the state of Idaho, by virtue of the authority vested in me by law, do hereby command the sheriff of Bannock County, or other officer in this state having lawful authority, to arrest and deliver said Ernest R. Videan, without expense to the state of Idaho, to James Toohey the duly authorized and commissioned agent of the state of Michigan, to receive the said Ernest R. Videan and for so doing this shall be a sufficient warrant."

It will be observed from the aforesaid warrant, dated March 10, 1947, that it is stated therein that Ernest R, Videan stands charged by indictment found in the county of Kent in said state of Michigan with the crime of "non-support." No indictment accompanies the proceedings for the extradition of said Videan. But, to the contrary, the application is based upon the complaint-criminal in two counts, the first count being for "non-support" and the second count for "acts committed in the city of Pocatello, state of Idaho, intentionally resulting in a crime in the state of Michigan," and signed by the former wife of appellant, and which complaint is supported by the affidavit of the prosecuting attorney of Kent County, Michigan, and, in which said affidavit accompanying the application for requisition from the Governor of Michigan to the Governor of Idaho, among other things, is is said:

"Your deponent further says that said complaint and warrant, issued in said cause, contains two counts, the first count charged

him only under the provisions of said section 161, and in view of the fact that there is some question concerning whether or not said Ernest R. Videan was in the state of Michigan for any reasonable time during the period set forth in said count, said first count may be disregarded in this application and considered as surplusage."

Said affidavit was subscribed and sworn to March 4, 1947.

Accordingly, it will be observed there was no charge of "non-support" in the requisition proceedings at the time said proceedings were submitted to the Governor of Idaho, and as was stated in his warrant for extradition.

■ Section 19-4606, Idaho Code Annotated, is a part of the Uniform Criminal Extradition Act of the State of Idaho. Said section is quite similar to the statutory provisions of the state of Michigan, Pub.Acts 1937, No. 144, under which the proceedings for the return of appellant is urged. One of the differences between the Michigan and Idaho acts, is very pronounced and that is, under the Michigan act the form of the charge supporting the application for requisition may be contained in an indictment, an information or an affidavit, while, under the Idaho act, above mentioned, the Governor of Idaho may surrender on demand of the executive authority of any other state "any person in this state charged on indictment found in such other state with committing an act in this state intentionally resulting in a crime in such other state." A

charge on information or affidavit accompanying the application for extradition is insufficient and the executive authority of the state of Idaho was unauthorized to honor the application for extradition because the charge against appellant was not found on indictment in the state of Michigan as required by section 19-4606, supra. All that need be said relative to the insufficiency of the charges in the instant case is to mention the oft repeated maxim, recognized in this and other jurisdictions, to-wit: "The expression of one thing is the exclusion of another."

To further distinguish said matter, a portion of Section 19-4605, I.C.A., is quoted:

"A warrant of extradition must not be issued unless * * * he is lawfully charged by indictment found or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, * * *."

The legislature had both sections of the act before it for consideration and fixed the requirements therein. If the legislature had had any intent to allow an affidavit before a Justice of the Peace or a prosecuting attorney's information unsupported by an affidavit, as substitutes for an indictment, it would have used the language employed in Section 19-4605, supra. See, also, 35 C.J.S., Extradition, § 14, page 337(b), "Indictment and Affidavit contrasted: The finding of an indictment presupposes the testimony of witnesses before a grand jury. * * * The affidavit required is one stating facts of affiant's own knowledge."

In the case of Ex parte Rudebeck, 95 Wash., 433, 163 P. 930, 931, relative to the duty of the courts of the asylum state to examine pleadings, it is said:

"We have again carefully examined the question in the light of cases decided since the opinions in the Van De Vanter and Baker cases [Armstrong v. Van De Vanter, 21 Wash. 682, 59 P. 510; In re Baker, 21 Wash. 259, 57 P. 827] were written. As a result of our investigation, we are convinced that the overwhelming weight of authority is to the effect that, where the complaint, information, or indictment upon which the warrant of extradition has been granted is before the court of the aslyum state, it is not only the right, but the duty, of the court to examine it and determine whether the accused is substantially charged with the commission of a crime against the laws of the state to which he is sought to be returned." See also, the recent case of Ex parte Nerreter, Wash., 183 P.2d 799, in which the doctrine announced in the Rudebeck case is approved.

On page 11 of the brief of the state of Michigan the prosecuting attorney, says: "The brief which we submit on behalf of the state of Michigan covers only the first count of the criminal warrant issued against the appellant. We respectfully submit to the court that on the basis of the record

in this case appellant is properly charged in the first count with a crime in the state of Michigan." If such is the case, we are at a loss to know why the prosecuting attorney, in his affidavit in support of the application for extradition, and heretofore quoted, told the executive authority of his own and this state that count one should "be disregarded in said application and considered as surplusage." Approximately two-thirds of said prosecuting attorney's brief is devoted to count one and points out that the appellant is guilty under the provisions of section 161 of Act No. 328 of the Public Acts of the state of Michigan for the year 1931. Both of the counts in the complaint-criminal state that appellant is charged under the provisions of section 161 of Act No. 328. The prosecuting attorney seems to have disregarded the record in charging the aforementioned counts under the provisions of section 161.

May 1, 1947, Ernest R. Videan, petitioner and appellant, applied to the District Court of the Fifth Judicial District in and for the County of Bannock, for a writ of habeas corpus to determine the validity of his restraint. An order directing that said issue in accordance with the petition fixed May 3, 1947, as the day for the hearing thereof. A return and answer to said writ, dated May 3, 1947, was made by the sheriff of Bannock County, Idaho, and as a part thereof included a copy of the warrant of extradiction of March 10, 1947, by the Governor of the state of Idaho. May 5, 1947, after hearing on said petition, the judge of the aforementioned district court, made an order that the writ be denied and the petitioner remanded to the custody of the sheriff of Bannock County, Idaho. May 7, 1947, notice of appeal from the order denying the writ of habeas corpus was dated, served and filed. May 16, 1947, an undertaking in the sum of $1,000 was approved and filed.

Appellant assigned and asserts a number of reasons why the trial court erred in denying his application for a writ of habeas corpus. It is needless for this court to pass upon all such matters as it appears that the case should be disposed of on account of jurisdictional questions. The record from the executive authority of the demanding state, affirmatively shows that appellant is not a fugitive from justice. The extradition warrant of the Governor of this state, states that appellant is a fugitive from justice. The question of fugitivity, however, is not important. Said warrant for extradition states that the appellant Ernest R. Videan "stands charged by the indictment found in the county of Kent * * * with the crime of non-support." The charge of "non-support" was originally contained in count one of the complaint-criminal, but the supporting affidavit of the prosecuting attorney of Kent County, Michigan, directed that said count be disregarded and considered as surplusage. "Non-support" should not have been designated as the crime with which said Videan "stands charged" in the extradition proceedings. Furthermore, in-

asmuch as the purported charges in the extradition proceedings do not conform to the requirements of Section 19-4606, supra, in that said charges are based upon a complaint sworn to before a Justice of the Peace, and not on an indictment, the warrant of extradition of the Governor of the state of Idaho was unauthorized, and should not have issued.

The District Court of Bannock County, Idaho, erred in denying the petition of appellant for a writ of habeas corpus and the cause is reversed and remanded with directions to grant said writ and discharge appellant.

GIVENS, C. J., and HOLDEN and HYATT, JJ., concur.

BUDGE, J., dissents.