487 P.2d 684

**William B. DERR, Plaintiff-Appellant,**

v.

**Robert WILCOX, Sheriff of Bonner County, Idaho, Defendant-Respondent.**

No. 10749.

Supreme Court of Idaho.

July 27, 1971.

Stephen Bistline, Sandpoint, for plaintiff-appellant.

W. Anthony Park, Atty. Gen., James R. Hargis, Deputy Atty. Gen., Boise, and Everett D. Hofmeister, Pros. Atty., Sandpoint, for defendant-respondent.

SPEAR, Justice.

William Derr and Jeanine Lenore Derr, now Jeanine Lenore Steenbergen, were married in 1960 and a divorce followed in 1961. They were remarried in 1962 and a second divorce followed. Two children were born of these marriages and appellant was ordered to pay $70.00 per month child support. The decree ordering appellant to make monthly payments for the support of his children was modified in 1965 increasing the monthly allowance to $100.00 per month. Appellant has made few, if any, of the payments required of him and is admittedly in arrears.

Since the divorce, the ex-wife, now remarried, has lived in the State of Washington except for a brief period in 1968. Appellant has continuously been a domiciliary of the State of Idaho.

Failure to support minor children is a felony under Washington law, and that state has attempted to effect Derr's extradition from Idaho to that state for prosecution. Washington's governor signed a requisition on January 8, 1970 seeking Derr's extradition to Washington. Therein it was alleged that Derr had committed a crime in that state, that he was present in the state when the crime was committed and that such request was being made pursuant to the Constitution and laws of the United States. Governor Samuelson signed an order for appellant's extradition to Washington on January 22, 1970.

Appellant petitioned for a writ of habeas corpus challenging his extradition. Hearing was held in the district court on March 27, 1970 and on March 30, 1970 the district court ordered that the petition be denied. Derr appealed this order.

Appellant contends that Idaho law requires that before an extradition to another state is legal, there must have been an indictment for the crime in the requesting state, and it was error for the district court not to have required this. He also claims the district court erred by holding that appellant had the burden of proof of showing that he was not a fugitive, and by holding that he had committed a crime in Washington.

Appellant contends that I.C. § 7–1052[1], a section of the Idaho Uniform Reciprocal Enforcement of Support Act, is inconsistent with general extradition statutes of this state, specifically I.C. § 19–4506[2], and is therefore invalid. Relying on I.C. § 19–4506 and Videan v. State, 68 Idaho 269, 194 P.2d 615 (1948), appellant additionally maintains that before a request for extradition submitted by another state can be, honored by the governor of this state, it must be accompanied by an indictment from the requesting state. These arguments advanced by appellant are not meritorious. I.C. § 7–1052 specifically states that general provisions of law for extradition not consistent with the act—Uniform Reciprocal Enforcement of Support Act— are applicable. I.C. § 7–1052 does not require an indictment and any such requirement found elsewhere is not controlling because such a requirement would be inconsistent with I.C. § 7–1052.

Furthermore, Videan v. State, supra, is also inapplicable to this case. It is true that *Videan* held that the request for extradition must be substantiated by a charge on indictment, but it was only because this was an express requirement of the extradition statutes extant at that time. At that time there was no statute, as there is now, providing for extradition solely on "being charged criminally."

A California District Court of Appeal has decided a case very similar to that presently under discussion, and held that California's section of the Uniform Reciprocal Enforcement of Support Act corresponding to I.C. § 7–1052 was valid and correctly applied. In Re Morgan, 244 Cal. App.2d 903, 53 Cal.Rptr. 642 (1966). In that case the husband and wife were divorced and the wife subsequently moved to Wyoming. When the husband failed to make support payments, he was charged by a complaint filed in Wyoming under the Uniform Reciprocal Enforcement of Support Act with nonsupport of his child. The court denied the husband's petition for writ of habeas corpus, finding no merit to his objections that the procedure conflicted with the state's general extradition statutes in that he had not been present in Wyoming when the crime was committed, had not fled from Wyoming, and had not committed an act in another state resulting in a crime in Wyoming.

The district court properly denied appellant's petition for a writ of habeas corpus. Order of the district court affirmed.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.

---

1. I.C. § 7–1052. Interstate rendition.— The governor of this state may:
   (1) demand of the governor of another state the surrender of a person found in that state who is charged criminally in this state with failing to provide for the support of any person; or
   (2) surrender on demand by the governor of another state a person found in this state who is charged criminally in that state with failing to provide for the support of any person. Provisions for extradition of criminals not inconsistent with this act apply to the demand even if the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and has not fled therefrom. The demand, the oath, and any proceedings for extradition pursuant to this section need not state or show that the person whose surrender is demanded has fled from justice or at the time of the commission of the crime was in the demanding state.

2. I.C. § 19–4506. Extradition of persons guilty of a crime in another state, though being in this state.—The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged on indictment found in such other state with committing an act in this state intentionally resulting in a crime in such other state; and the provisions of this act not otherwise inconsistent shall apply to such cases, notwithstanding that the accused was not in that state at the time of the commission of the crime, and has not fled therefrom.